TEMEX ENERGY, INC., Successor by Merger of Amarex, Inc., Plaintiff–Appellee,

v.

UNDERWOOD, WILSON, BERRY, STEIN & JOHNSON, Defendant–Appellant.

No. 91–6069.

United States Court of Appeals, Tenth Circuit.

June 25, 1992.

Hugh D. Rice (H.D. Binns, Jr., Robert J. Campbell, Jr., with him, on the brief), Rainey, Ross, Rice & Binns, Oklahoma City, Okl., for plaintiff-appellee.

G. Blaine Schwabe III (Sarah A. Hall, with him, on the brief), Mock, Schwabe, Waldo, Elder, Reeves & Bryant, Oklahoma City, Okl., for defendant-appellant.

Before HOLLOWAY and EBEL, Circuit Judges, and OWEN, District Judge.*

OWEN, District Judge.

Before us again is the question of the appealability under 28 U.S.C. § 158(d) of an order of the District Court reversing a final order of the Bankruptcy Court and remanding for further proceedings.[1]

Appellant law firm Underwood, Wilson, Berry, Stein & Johnson performed certain legal services for a firm Amarex, Inc. in the year 1982. Underwood was paid $886,292 on account of these services by a legal entity called Amarex Funds, rather than Amarex, Inc. Less than 90 days following this payment, certain creditors of Amarex, Inc. filed an involuntary petition in bankruptcy under Chapter 7 of Title 11, and thereafter Amarex, Inc.'s successor, Temex Energy, Inc., commenced an adversary proceeding in the Bankruptcy Court to set aside and recover the $886,292 payment as a voidable preference under the Bankruptcy Code, 11 U.S.C. § 547(b).[2]

The Bankruptcy Court on June 7, 1990 granted summary judgment to Underwood, relying on an earlier Bankruptcy Court proceeding, *In re Loffland Bros. Co.*, Debtor, Cast No. CA 3-89-0855-R, which also involved Amarex, Inc. and Amarex Funds, that case holding that no agency relationship existed between Amarex, Inc. and Amarex Funds and consequently, moneys paid by Amarex Funds were not transfers of property of Amarex, Inc. On appeal of the Underwood summary judgment, however, the District Court reversed, concluding that collateral estoppel did not apply, that a material issue of fact existed as to the Amarex, Inc./Amarex Funds relationship in this, the Underwood situation, and remanding for a *de novo* determination of the facts. It is this reversal and remand order of the District Court that is before us.

On April 24, 1991, we *sua sponte* ordered the parties to submit briefs addressing the jurisdictional question of whether the District Court order is an order which is appealable under 28 U.S.C. § 158(d), set forth in note 1, *supra.*

From the submissions in response to the order it seemed clear that we had previously addressed and decided this issue, although in a slightly different setting, in *In re Commercial Contractors, Inc.*, 771 F.2d 1373 (10th Cir.1985). There, the District Court had remanded the case to the Bankruptcy Court with orders to permit a necessary party to intervene and thereafter to conduct *de novo* hearings. That remand was held to be not appealable to this Court, on the ground that the issues to be determined on remand mandated significant further proceedings.

However, since the argument and initial consideration herein, the Supreme Court decided *Connecticut Nat'l Bank v. Germain*, —— U.S. ——, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992), addressing the effect of the passage of 28 U.S.C. § 158(d) on the appellate jurisdiction of the court of appeals. There, the Court held that *interlocutory* orders issued by district courts sitting as appellate courts in bankruptcy are appealable under 28 U.S.C. § 1292, despite the reference only to "final" orders in § 158(d). The Court noted, "[t]here is no

---

* The Honorable Richard Owen, Senior United States District Judge for the Southern District of New York, sitting by designation.

1. § 158(d) of the Bankruptcy Reform Act provides: "The courts of appeals shall have jurisdiction of appeals from all *final* decisions, judgments, orders, and decrees entered under [subsections] of this section." (emphasis added)

2. To avoid a transfer as a preference under 11 U.S.C. § 547(b), the transfer must be of the debtor's property to a creditor, for an antecedent debt owed by the debtor to such creditor, while the debtor was insolvent, within 90 days of the bankruptcy filing, and the transfer must enable the creditor to receive more than it would have received under Chapter 7.

reason to infer from either § 1292 or § 158(d) that Congress meant to limit appellate review of *interlocutory orders* in bankruptcy proceedings." *Id.* at ——, 112 S.Ct. at 1150 (emphasis added).

We note that the holding in *Connecticut Nat'l* conflicts with portions of this Court's opinion in *Commercial Contractors, supra.* There this Court stated with respect to 28 U.S.C. § 158, that "[t]he 1978 Act, as amended, limited appellate jurisdiction to final orders...." *Id.* at 1374. We focused particularly on § 158(d) and its provision on jurisdiction of bankruptcy appeals from *final* decisions. As the Supreme Court has now explained, § 158 does not limit the scope of § 1292, and "[s]o long as a party to a proceeding or case in bankruptcy meets the conditions imposed by § 1292 a court of appeals may rely on that statute as a basis for jurisdiction." *Connecticut Nat'l,* —— U.S. at ——, 112 S.Ct. at 1150.

Accordingly, the limitation in our *Commercial Contractors* case, quoted above, on court of appeals jurisdiction to final orders is no longer valid.[3] Nevertheless, our *Commercial Contractors* opinion remains viable in other respects and informs our decision about the finality requirement as a general rule concerning the reviewability of final decisions in bankruptcy appeals. In *Commercial Contractors,* we adopted the Seventh Circuit's remand exception respecting the finality requirement of § 158(d) as announced in *In re Riggsby,* 745 F.2d 1153 (7th Cir.1984). *See Commercial Contractors,* 771 F.2d at 1375, and cases cited therein. This remand exception also applies to appeals brought under § 158 or § 1291. *See id.* at n. 2; *In re Glover, Inc.,* 697 F.2d 907 (10th Cir.1983). Especially noteworthy is the *Riggsby* court's statement that:

> Although we hold that a decision of the district court on appeal from a bankruptcy judge's final order is not itself final if the decision remands the case to the bankruptcy judge for significant further

proceedings, this just means that the district court's decision is not appealable automatically; it may be appealable under one of the special procedures for interlocutory appeals. *Id.* at 1156.

The Supreme Court's *Connecticut Nat'l* opinion reaffirms that review for interlocutory orders remains available in bankruptcy cases under § 1292. It does not, however, eliminate the need for appellants to demonstrate finality when appellate review is sought of final decisions in bankruptcy appeals. Accordingly, *Commercial Contractors* continues to provide the test for the finality of district court decisions in bankruptcy proceedings.

Since in the instant case, jurisdiction was initially premised on 28 U.S.C. §§ 1291 and 158(d), with the District Court not having been given the option to consider certifying an interlocutory appeal, we remand to that Court for it to decide whether it wishes to certify this appeal for interlocutory review under § 1292(b).

Accordingly, we remand to the District Court for that purpose, and retain jurisdiction over any appeal that may thereafter be taken.

---

3. We are authorized to state that all the active judges of this Court have approved the foregoing statement respecting the effect of the Supreme Court's *Connecticut Nat'l* opinion on this Court's *Commercial Contractors* opinion, as well as on such progeny which rely on its holding

that § 1292 jurisdiction is not available in bankruptcy appeals, including *Eddelman v. United States Dep't of Labor,* 923 F.2d 782, 784 (10th Cir.1991); *In re Atencio,* 913 F.2d 814, 816 (10th Cir.1990); *Kaiser Steel Corp. v. Frates,* 911 F.2d 380, 386 (10th Cir.1990).