**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 7 2002**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

In re: STEPHEN L. CONNER,

    Debtor.

_____

WILLIAM J. WADE, Trustee of Mid-State Trust,

    Appellant,

v.

STEPHEN L. CONNER,

    Appellee.

No. 01-7139
(D.C. No. 01-CV-344-S)
(Eastern District of Oklahoma)

**ORDER AND JUDGMENT**[*]

Before **KELLY**, **PORFILIO**, and **ANDERSON**, Circuit Judges.

The case before us represents an attempt of a secured creditor to appeal from an

order of the district court affirming a bankruptcy court judgment. In particular, the

creditor seeks to have us reverse the district court's affirmance of an order of the

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. This court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

bankruptcy court sustaining the debtor-appellee's objection to the creditor's proof of claim. That ruling was made at the conclusion of a hearing to determine whether the debtor's proposed Chapter 13 plan should be confirmed. In rejecting the creditor's claim, the bankruptcy court held a default judgment in a state court foreclosure action, which established that claim, was not entitled to preclusive effect under Oklahoma law. At the same time, however, the bankruptcy court sustained the creditor's objection to the Chapter 13 plan and denied confirmation without dismissing the Chapter 13 petition. Apparently believing the bankruptcy court's orders were final for the purpose of appeal, the creditor filed a notice of appeal to the district court.

The creditor also sought a stay of further proceedings in the Chapter 13 case, but in the exercise of its discretion, the bankruptcy court denied the stay. The creditor then filed for a stay in the district court contending any subsequent Chapter 13 plan would necessarily involve the issues the creditor wanted the district court to review. The creditor contended granting the stay would spare the district court a second and identical appeal. By docket entry, the clerk of the district court granted the stay by default.

Without deciding whether it had jurisdiction over the appeal, the district court entered an order affirming the bankruptcy court's holdings. The creditor filed a notice of appeal to this court. Assuming the notice of appeal was sufficient, the creditor did not separately seek a stay in this court. In the meantime, the bankruptcy court proceeded to a

hearing upon the debtor's amended Chapter 13 plan, which was confirmed, while this case continued on appeal.

Because we have the duty to consider our jurisdiction at any time, *Oklahoma Turnpike Auth. v. Bruner,* 259 F.3d 1236, 1241 (10th Cir. 2001), we have done so here. We conclude the bankruptcy court's order sustaining debtor's objection to the creditor's proof of claim was not a final order; therefore, appellate jurisdiction lies neither in the district court, nor here. Nonetheless, because of the vociferousness in which the appeals have been waged, we are obliged to note parenthetically the district court's holding was indubitably correct. Accordingly, we dismiss the appeal.

In *In re Simons*, 908 F.2d 643, 644-45 (10th Cir. 1990), we observed, "[a] number of courts have indicated that where the bankruptcy court denies or withholds confirmation of a proposed Chapter 13 plan without also dismissing the underlying petition or proceeding, its decision is not final for purposes of appeal." In support, we looked to *Maiorino v. Branford Sav. Bank,* 691 F.2d 89, 90-91 (2d Cir. 1982); *In re Madill,* 65 B.R. 729, 731 (D. Mont. 1986); *In re Hardy,* 30 B.R. 109, 111 (Bankr. S.D. Ohio 1983); and, *cf. In re Chinichian,* 784 F.2d 1440, 1442, 1444 (9th Cir. 1986) (order only partially confirming Chapter 13 plan nonfinal and, therefore, appeal therefrom did not divest bankruptcy court of jurisdiction to revoke the plan).[1]

---

[1]However, we also recognized adverse authority, notably, *In re Blankemeyer,* 861 F.2d 192, 193 (8th Cir. 1988) (district court order affirming bankruptcy court's rejection of Chapter 11 plan characterized as a "final judgment," without further discussion of

We have reasoned our approach to finality "is entirely consistent with two general principles . . . well-settled in this circuit, *i.e*., (1) an order is not final unless it ends the litigation on the merits, leaving nothing for the court to do but execute the judgment, and, (2) a district court order is not final if it contemplates significant further proceedings in the bankruptcy court." **Simons**, 908 F.2d at 645 (citations omitted). Indeed, we noted "so long as the bankruptcy proceeding itself has not been terminated, the debtor, unsuccessful with one reorganization plan, may always propose another plan for the bankruptcy court to review for confirmation, a prospect which negates any determination of finality under both principles cited above." **Id.** (citations omitted). Thus, we held:

> The lower courts' denial of confirmation of debtors' proposed reorganization plan is not final for purposes of appeal under section 158(d). Nor is such a disposition appealable under the collateral order exception to the final judgment rule, established in **Cohen v. Beneficial Indus. Loan Corp.,** 337 U.S. 541, 546 (1949).

**Simons,** 908 F.2d at 645. However, we reminded that "[t]o qualify for this limited exception, the order appealed from must conclusively determine the disputed question . . . , resolve an important issue completely separate from the merits of the action, and be effectively unreviewable on appeal from a final judgment." **Id.** (*quoting **In re Magic Circle Energy Corp.,** 889 F.2d at 954 (*citing **Coopers & Lybrand v. Livesay**, 437 U.S. 463, 468 (1978)). Moreover, "[b]ecause a party seeking to appeal on this basis

---

jurisdictional issue); **In re Hardy**, 755 F.2d 75, 76 (6th Cir. 1985) (appeal from rejection of Chapter 13 plan heard by the court of appeals with no acknowledgment of the jurisdictional problem). **In re Simons**, 908 F.2d 643, 644 (10th Cir. 1990).

must show that all three requirements of the doctrine are satisfied, we need not address each if one is not met." ***Id.***

Here, the matter under review is not "completely separate" from the substance of the action, but clearly integral to it. *See generally* 11 U.S.C. §§ 1321-1330. Furthermore, the rejection of debtor's proposed plan can be considered on appeal from a final judgment either confirming or denying an alternative plan. ***Simons***, 908 F.2d at 645 (citations omitted).

The creditor has raised a number of arguments here which really have no materiality in view of the jurisdictional defect he has engendered. Moreover, in counsel's admitted reliance upon the validity of his appeal to the district court and the stay order that was entered, counsel refused to participate in the confirmation hearing on the debtor's amended Chapter 13 plan.[2] Yet, had he not prematurely attempted to appeal from an unappealable order and raised these arguments as an objection to the proposed amended plan, the creditor could have had an appeal upon the final order of confirmation. Having insisted upon the rectitude of his contention the bankruptcy court "ignored the law," the creditor deprived himself of an appellate forum. Nonetheless, we

---

[2]Counsel stated in oral argument, he "stood" on the stay order.

have reviewed the creditor's arguments and find them without foundation.[3]  The appeal

is **DISMISSED**.


ENTERED FOR THE COURT


John C. Porfilio
Senior Circuit Judge

---

[3]For example, suggesting the bankruptcy court erroneously allowed the debtor to "cure" the loan is a misconstruction of how the bankruptcy court actually ruled.  Instead of allowing the debtor to cure the default in his debt, the court held, under Oklahoma law issue preclusion would not apply to a default judgment because when a default is entered the merits of foreclosure have not been litigated.  That ruling was not erroneous. Although creditor claims the bankruptcy court failed to follow "10th Circuit law," creditor fails to recognize the state law upon which he relied is dissimilar to the foreclosure law of Oklahoma.  Finally, counsel contended in oral argument, the bankruptcy court erred in ruling he had violated the automatic stay because he merely "telephoned" the clerk of the state court.  The bankruptcy court's ruling was not predicated upon a mere telephone call, but upon the mailing of a "Notice of Hearing Motion to Confirm and Approve Sheriff's Sale."  Upon cogent bankruptcy case law, the court held the mailing constituted the continuation of an action against the debtor and a consequent violation of Fed. R. Bank. P. 4001(a)(3).  That ruling was not erroneous.