**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 20, 2014**

**Elisabeth A. Shumaker**
**Clerk of Court**

**PUBLISH**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

In re: EDWARD LEON GORDON;
DORIS JEAN GORDON,

     Debtors.

_____

EDWARD LEON GORDON; DORIS
JEAN GORDON,

     Appellants,

v.

BANK OF AMERICA, N.A.,

     Appellee.

_____

In re: STEPHEN LINDSEY PAHS,

     Debtor.

_____

STEPHEN LINDSEY PAHS,

     Appellant,

v.

Nos. 12-1140, 12-1143

DOUGLAS B. KIEL, Standing Chapter
13 Trustee,

> Appellee.

**Appeal from the United States District Court
for the District of Colorado
(D.C. Nos. 1:11-CV-00960-REB, 1:11-CV-01340-REB)**

Stephen E. Berken, Law Offices of Stephen E. Berken (Thomas M. Mathiowetz, with him on the briefs), Denver, Colorado for Appellants.

Danielle Spinelli, Wilmer Cutler Pickering Hale & Dorr LLP, Washington, D.C. (Deanna L. Westfall and Britney Beall-Eder, Castle Stawiarski LLC, Denver, Colorado, and Craig Goldblatt, Shivaprasad Nagaraj, and Allison Hester-Haddad, Wilmer Cutler Pickering Hale & Dorr LLP, Washington, D.C., with her on the brief) for Appellees.

Before **GORSUCH, EBEL** and **O'BRIEN,** Circuit Judges.

**EBEL**, Circuit Judge.

In these consolidated appeals from two Chapter 13 bankruptcy proceedings, Debtors challenge the district court's order reversing confirmation of their reorganization plans and remanding their cases to the bankruptcy court for further proceedings. Because we lack jurisdiction to consider these appeals, we dismiss them.

## I. BACKGROUND

In two separate bankruptcy proceedings, Debtors Doris and Edward Gordon and Stephen Pahs sought Chapter 13 bankruptcy relief in the Bankruptcy Court for the

District of Colorado. That court requires Chapter 13 debtors, when they file their plans for reorganization, to use the court's model Chapter 13 plan. See L.B.R. 3015-1.1. In this case, although Debtors used the model plan, they modified it. The bankruptcy court confirmed Debtors' modified plans.

On appeal, however, the district court held that Debtors could not modify the plan and, therefore, reversed confirmation of Debtors' plans and remanded these cases to the bankruptcy court "for the entry of plan confirmation orders and any related orders consistent with [the district court's] opinion." (Aplt. App. at 405.) Debtors appeal that determination to this court.

## II. PAHS' APPEAL NO. 12-1143 IS MOOT

After Pahs filed his appeal with this court, he and the Chapter 13 trustee agreed, during a hearing before the bankruptcy court, that Pahs would continue to make the payments required by the originally confirmed Chapter 13 plan while this appeal remained pending. When Pahs failed to make those payments, however, one of his creditors moved for the dismissal of Pahs' bankruptcy. See 11 U.S.C. § 1307(c)(6). After no one objected to the motion, the bankruptcy court granted it, dismissing Pahs' bankruptcy and undoing any action taken during the bankruptcy proceedings. In light of that dismissal, this court can no longer grant Pahs any relief and his appeal is, therefore, moot. See Rajala v. Gardner, 709 F.3d 1031, 1036 (10th Cir. 2013), cert. denied, 134 S. Ct. 164 (2013). For that reason, we dismiss Pahs' appeal and remand his case to the district court with directions for that court to vacate its decision as moot to the extent it

3

addressed Pahs' confirmation plan.  We further direct the district court then to remand the case to the bankruptcy court so that that court, too, can vacate its decision regarding Pahs' modification of the model plan.  See Dais-Naid, Inc. v. Phoenix Res. Cos. (In re Tex. Int'l Corp.), 974 F.2d 1246, 1247 (10th Cir. 1992) (per curiam) (applying, e.g., United States v. Munsingwear, Inc., 340 U.S. 36, 39 (1950)); see also Camreta v. Greene, 131 S. Ct. 2020, 2035 (2011).

### III.  WE LACK JURISDICTION TO CONSIDER THE GORDONS' APPEAL, NO. 12-1140

Because the Gordons' bankruptcy case remains pending, their appeal is not moot. But we, nevertheless, have no jurisdiction to consider this appeal because it is not taken from a final appealable decision and the parties have not invoked any mechanism that might permit an interlocutory appeal.[1]

As a starting point, the district court had jurisdiction, under 28 U.S.C. § 158(a)(1), to consider Bank of America's appeal from the bankruptcy court's order confirming the Gordons' plan.  Section 158(a)(1) gives a district court jurisdiction to hear appeals from bankruptcy courts' "final judgments, orders, and decrees."  The bankruptcy court's order confirming the Gordons' reorganization plan was such a final, appealable order.  See Woolsey v. Citibank, N.A. (In re Woolsey), 696 F.3d 1266, 1268-69 (10th Cir. 2012). "Indeed, in the world of bankruptcy proceedings—a world where cases continue on in

---

[1] To the extent Appellees' response to Appellants' status report suggests we add the Chapter 13 Trustee as an appellee in the caption of the Gordons' appeal, we deny that request as moot.

many ways for many years and lack the usual final judgment of a criminal or traditional civil matter—confirmation of [a] . . . plan 'is as close to the final order as any the bankruptcy judge enters.'" Id. (quoting Interwest Bus. Equip., Inc. v. U.S. Tr. (In re Interwest Bus. Equip., Inc.), 23 F.3d 311, 315 (10th Cir. 1994)).

28 U.S.C. § 158(d)(1) similarly gives this court jurisdiction to hear appeals from "all final decisions, judgments, orders, and decrees" entered by the district court in appeals taken from a bankruptcy court. (Emphasis added.) But, because the district court's order which the Gordons challenge on appeal reversed confirmation of their reorganization plan and remanded their case to the bankruptcy court for further proceedings, the district court's order was not a final order appealable under 28 U.S.C. § 158(d).

As a general rule, when a district court remands a case to the bankruptcy court for "significant further proceedings," that order is not final and appealable to this court. HealthTrio, Inc. v. Centennial River Corp. (In re HealthTrio, Inc.), 653 F.3d 1154, 1159 (10th Cir. 2011); see also Strong v. W. United Life Assurance Co. (In re Tri-Valley Distrib., Inc.), 533 F.3d 1209, 1214 (10th Cir. 2008) (per curiam). On the other hand, when the district court remands a case to the bankruptcy court for a "purely ministerial function," such as entering judgment for a party, or to "conduct additional proceedings involving little judicial discretion," that will not preclude the district court's decision from being final and appealable to this court under 28 U.S.C. § 158(d)(1). Colo. Judicial Dep't v. Sweeney (In re Sweeney), 492 F.3d 1189, 1190-91 (10th Cir. 2007); Balcor

5

Pension Investors V v. Wiston XXIV Ltd. P'ship (In re Wiston XXIV Ltd. P'ship), 988

F.2d 1012, 1013 (10th Cir. 1993).

Here, the district court remanded the Gordons' case to the bankruptcy court "for

the entry of plan confirmation orders and any related orders." (Aplt. App. at 405.)

Although the district court's decision requires the Gordons, in proposing a new

reorganization plan, to use the model Chapter 13 plan without modification, they would

be free to revise the substantive portion of their plan. And, in any event, the bankruptcy

court will have to give creditors notice of the new amended plan, permit time for any

objections, and then conduct another confirmation hearing. All of which is to say, the

district court remanded the Gordons' case to the bankruptcy court for "significant further

proceedings," In re HealthTrio, Inc., 653 F.3d at 1159.

We reached a similar conclusion in Simons v. F.D.I.C. (In re Simons), 908 F.2d

643 (10th Cir. 1990) (per curiam). In Simons, we held that a district court's decision,

affirming the bankruptcy court's order rejecting confirmation of a reorganization plan

and remanding the case to the bankruptcy court in order to enable debtors to seek

confirmation of a new plan, was not a final decision appealable under § 158(d)(1). In re

Simons, 908 F.2d at 644-45. Simons noted that its conclusion

> is entirely consistent with two general principles regarding finality well-
> settled in this circuit, i.e., (1) an order is not final unless it ends the
> litigation on the merits, leaving nothing for the court to do but execute the
> judgment, and (2) a district court order is not final if it contemplates
> significant further proceedings in the bankruptcy court.

Id. (citation omitted). "[S]o long as the bankruptcy proceeding itself has not been

terminated, the debtor, unsuccessful with one reorganization plan, may always propose another plan for the bankruptcy court to review for confirmation, a prospect which negates any determination of finality under both principles cited above." Id. at 645 (citations omitted). "[T]he rejection of debtors' proposed plan may yet be considered on appeal from a final judgment either confirming an alternative plan, or dismissing the underlying petition or proceeding." Id. (citations omitted).

The parties concede that, under Simons, this court lacks jurisdiction to consider this appeal. But they argue that this court should overrule Simons because it "is incorrectly decided and in conflict with the law of other circuits." (Aple. Juris. Br. at 1.) This panel, however, cannot overrule Simons. See Schrock v. Wyeth, Inc., 727 F.3d 1273, 1279 (10th Cir. 2013).[2]

---

[2] The parties assert that Simons is contrary to the law of some other circuits. But that was true when this court decided Simons in 1990, when a panel of this court expressly chose to follow Second Circuit authority instead of cases from the Sixth (reviewing order denying confirmation without discussing jurisdiction) and Eighth Circuits. See 908 F.2d at 644-45. The circuits currently remain divided on this issue. The Second, Sixth, Eighth, Ninth and Tenth Circuits generally apply 28 U.S.C. § 158(d)(1)'s requirement, that the district court's decision be final before it can be reviewed, rigidly in order to avoid piecemeal appeals. See Lindsey v. Pinnacle Nat'l Bank (In re Lindsey), 726 F.3d 857, 858-61 (6th Cir. 2013); Lievsay v. W. Fin. Sav. Bank (In re Lievsay), 118 F.3d 661, 662 (9th Cir. 1997) (per curiam); Pleasant Woods Assocs. Ltd. P'ship v. Simmons First Nat'l Bank (In re Pleasant Woods Assocs. Ltd. P'ship), 2 F.3d 837, 837-38 (8th Cir. 1993) (per curiam); In re Simons, 908 F.2d at 644-45 (10th Cir.); Maiorino v. Branford Sav. Bank, 691 F.2d 89, 90-91 (2d Cir. 1982). On the other hand, the Third, Fourth and Fifth Circuits emphasize, instead, saving judicial resources in a given case by deciding an issue that the parties have already appealed once from the bankruptcy court. See Mort Ranta v. Gorman, 721 F.3d 241, 245-50 (4th Cir. 2013); In re Armstrong World Indus., 432 F.3d 507, 511 (3d Cir. 2005); Bartee v. Tara Colony Homeowners Ass'n (In re Bartee), 212 F.3d 277, 283 (5th Cir. 2000).

The parties argue that it would be a waste of judicial resources for this court not to hear the merits of their appeals now. However, this court "cannot take jurisdiction where none is to be had." S. Ute Indian Tribe v. Leavitt, 564 F.3d 1198, 1209 (10th Cir. 2009) (emphasis omitted). Debtors could have sought this court's immediate review of the district court's interlocutory remand order. See 28 U.S.C. § 1292(b); see also Conn. Nat'l Bank v. Germain, 503 U.S. 249, 252 (1992); In re Woolsey, 696 F.3d at 1268. However, the Gordons did not seek § 1292 certification and we cannot certify on our own. See In re Woolsey, 696 F.3d at 1268 (in dicta, rejecting 28 U.S.C. § 1292(b) as a source of appellate jurisdiction because the parties did not invoke that procedure); Crossingham Trust v. Baines (In re Baines), 528 F.3d 806, 809 n.2 (10th Cir. 2008) (same).

The parties now request that, if this court dismisses this appeal for lack of appellate jurisdiction, we remand this case to the district court so the parties can seek certification of the district court's non-final remand order as appealable under 28 U.S.C.

---

The parties here also contend that this court has never applied Simons in a published opinion. After the parties briefed this jurisdictional issue, however, this court applied Simons in Woolsey, 696 F.3d at 1268. This court has also applied Simons in several unpublished decisions. See Wade v. Conner (In re Conner), 37 F. App'x 445, 446-48 (10th Cir. 2002) (unpublished); Debias v. Zeman (In re Debias), No. 98-1441, 1999 WL 1032968, *1 n.1 (10th Cir. Nov. 15, 1999) (unpublished); Simon v. Tip Top Credit Union (In re Simon), Nos. 94-3304, 94-3312, 1996 WL 192977, at *2 (10th Cir. Apr. 22, 1996) (unpublished).

It seems to us that Simons is based upon sound principles of finality and we see no reason to ask the en banc court to re-examine Simons at this time.

§ 1292(b). Although we employed such a procedure in <u>Temex Energy, Inc. v. Underwood, Wilson, Berry, Stein & Johnson</u>, 968 F.2d 1003, 1005 (10th Cir. 1992), we did so under more compelling circumstances. In <u>Temex</u>, the bankruptcy court entered a final order granting summary judgment to one party in an adversary proceeding. <u>Id.</u> at 1004. The district court reversed that decision, remanding because the bankruptcy court needed to make "a <u>de novo</u> determination of the facts." <u>Id.</u> The losing party appealed that determination to this court. <u>Id.</u> At that time, Tenth Circuit case law foreclosed use of the 28 U.S.C. § 1292(b) mechanism, for certifying an interlocutory decision as immediately appealable, in the bankruptcy context. <u>Temex</u>, 968 F.2d at 1004. While the <u>Temex</u> appeal was pending, however, the Supreme Court, in <u>Germain</u>, 503 U.S. at 252, held that § 1292(b) was available to permit interlocutory appeals to circuit courts in the bankruptcy context. <u>See</u> <u>Temex</u>, 968 F.2d at 1004-05. In those circumstances, this court dismissed the appeal in <u>Temex</u> for lack of jurisdiction because the district court's decision was not final, but remanded the case to the district court to let that court "decide whether it wishes to certify this appeal for interlocutory review under § 1292(b)." <u>Temex</u>, 968 F.2d at 1005. It made sense for us to remand that case so the district court could decide, as an initial matter, whether or not to certify an immediate appeal under § 1292(b) because the district court had not previously "been given the option to consider certifying an interlocutory appeal." <u>Id.</u>

The circumstances presented here, however, do not warrant employing the same procedure. The § 1292(b) certification process for an immediate appeal was always

available. Had the Gordons wanted to pursue an appeal immediately, instead of returning to the district court to propose a new plan, they could have requested § 1292(b) certification. They did not do so. And Bank of America had no basis to do so because it prevailed in the district court. These circumstances do not warrant a remand to permit the district court to consider certifying its earlier order for an immediate appeal.

## IV. CONCLUSION

For the foregoing reasons, we DISMISS Pahs' appeal, No. 12-1143, as moot and remand his case to the district court with directions to vacate that court's decision as it pertains to Pahs, and further to remand this case to the bankruptcy court with directions to vacate that court's decision addressing Pahs' modification of the model Chapter 13 plan. We also DISMISS the Gordons' appeal, No. 12-1140, because we lack jurisdiction to consider their appeal from a non-final order.