# United States Court of Appeals
## For the First Circuit

No. 13-9009

IN RE: LOUIS B. BULLARD,

Debtor.

---

LOUIS B. BULLARD,

Appellant,

v.

HYDE PARK SAVINGS BANK,

Appellee.

---

CAROLYN A. BANKOWSKI,

Trustee.

---

APPEAL FROM THE BANKRUPTCY APPELLATE PANEL
FOR THE FIRST CIRCUIT

---

Before

Thompson, Stahl, and Kayatta,
<u>Circuit Judges</u>.

---

<u>David G. Baker</u> for appellant.
<u>Andrew E. Goloboy</u>, with whom <u>Ronald W. Dunbar Jr.</u> and <u>Dunbar Law PC</u> were on brief, for appellee.

---

May 14, 2014

---

**STAHL, Circuit Judge**.  This appeal presents an important and unsettled question of bankruptcy law that, in the case's present posture, we lack jurisdiction to resolve.  Accordingly, we dismiss this appeal.

## I.  Facts & Background

Like many mortgagors, Appellant Louis Bullard owns real property whose value is substantially lower than the amount he still owes the mortgagee.  Appellee Hyde Park Savings Bank (Hyde Park) holds a mortgage on the property that secures a promissory note in the original principle amount of $387,000 and with a maturity date of June 1, 2035.  Bullard filed a Chapter 13 petition in December 2010, at which time he was current on his payment obligations to Hyde Park.  Hyde Park filed a proof of claim in the amount of $346,006.54.  The value of the property is disputed, but all parties agree that it is worth substantially less than the amount of Hyde Park's claim.

On January 17, 2012, Bullard filed his third amended plan.  The plan, a so-called "hybrid" plan, proposed to bifurcate Hyde Park's claim into secured and unsecured portions per 11 U.S.C. § 506(a), with the secured portion being reduced to the value of the property.  The plan called for paying a dividend of approximately 5.26% on the unsecured portion over sixty months under 11 U.S.C. § 1322(b)(2) and paying the secured portion according to the terms of the promissory note under § 1322(b)(5).

-2-

Hyde Park objected, arguing that the plan could invoke either the modification provision of § 1322(b)(2) or the cure-and-maintain provision of § 1322(b)(5), but not both. The bankruptcy court agreed, sustaining Hyde Park's objection, denying confirmation of the plan, and ordering Bullard to file an amended plan within thirty days or else face dismissal. On Bullard's motion, the bankruptcy court continued the deadline to file an amended plan pending the outcome of his appeal.

Bullard appealed to the Bankruptcy Appellate Panel for the First Circuit (BAP). Recognizing, though disagreeing with, BAP precedent holding that denial of confirmation of a reorganization plan is not a final order appealable as of right, see 28 U.S.C. § 158(a)(1); Watson v. Boyajian (In re Watson), 309 B.R. 652, 659 (B.A.P. 1st Cir. 2004) (per curiam), aff'd, 403 F.3d 1 (1st Cir. 2005), Bullard also filed a motion for leave to appeal the bankruptcy court's interlocutory order, see 28 U.S.C. § 158(a)(3), (b) (granting bankruptcy appellate panels discretionary jurisdiction over appeals of interlocutory orders of the bankruptcy court). The BAP granted the motion and, on May 24, 2013, affirmed the bankruptcy court's denial of confirmation (albeit with a slightly different rationale).

Bullard filed with the BAP a notice of appeal to this court and, a few days later, a motion for certification of the appeal under 28 U.S.C. § 158(d)(2), which the BAP denied. This

-3-

court issued an order to show cause why the case should not be dismissed for lack of jurisdiction because the BAP's order affirming the denial of confirmation did not appear to be a final order, as required by 28 U.S.C. § 158(d)(1). After receiving Bullard's response, we determined that the case should proceed to full briefing of both the jurisdictional and merits questions.

## II. Analysis

We start and, as it turns out, end with the jurisdictional question.[1] Congress has granted the courts of appeals "jurisdiction of appeals from all final decisions, judgments, orders, and decrees entered" by a BAP or district court sitting in an appellate capacity in bankruptcy proceedings. 28 U.S.C. § 158(d)(1). With the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 (BAPCPA), Pub. L. No. 109-8, 119 Stat. 23, it extended our jurisdiction to reach direct appeals of the bankruptcy court's orders (final or interlocutory), upon

---

[1] We note that we are considering statutory, rather than Article III, jurisdiction. We have on occasion sidestepped thorny questions of statutory jurisdiction to reach the merits of a case, but only where "precedent clearly dictates the result on the merits," Alvarado v. Holder, 743 F.3d 271, 276 (1st Cir. 2014), and the merits question is easily decided in favor of the party challenging jurisdiction, Restoration Pres. Masonry, Inc. v. Grove Eur. Ltd., 325 F.3d 54, 59 (1st Cir. 2003). Because we are presented with a difficult, unsettled question that we have not previously addressed, that route is not open to us here.

-4-

certification by the bankruptcy court, district court, or BAP and authorization by the court of appeals, see 28 U.S.C. § 158(d)(2).[2]

Because this appeal comes to us under § 158(d)(1), we have jurisdiction only if the BAP's order rejecting Bullard's proposed plan is a final order.[3]  We have noted that an order of the BAP cannot be final unless the underlying bankruptcy court order is final.  Watson v. Boyajian (In re Watson), 403 F.3d 1, 4 (1st Cir. 2005).  "[B]ecause bankruptcy cases typically involve numerous controversies bearing only a slight relationship to each other, 'finality' is given a flexible interpretation in bankruptcy."  Bourne v. Northwood Props., LLC (In re Northwood

---

[2] Interlocutory orders of a district court sitting in an appellate capacity in bankruptcy proceedings are appealable to the court of appeals under 28 U.S.C. § 1292(b), again upon certification and authorization.  This provision is inapplicable to orders of the BAP, however.  See Vylene Enters. v. Naugles, Inc. (In re Vylene Enters.), 968 F.2d 887, 890 n.4 (9th Cir. 1992) ("Section 1292(b), by its plain language, affords us jurisdiction only over orders made by a district judge.  Our decision today recognizes that a party to a bankruptcy court proceeding who foresees the need for an interlocutory appeal must forgo the speedier appellate process afforded by the bankruptcy appellate panel."); 16 Charles Alan Wright et al., Federal Practice and Procedure § 3926.1.

[3] Because Bullard did not receive certification to appeal the BAP's decision to this court, we need not decide whether § 158(d)(2) authorizes an appeal from an interlocutory decision of the BAP (as opposed to the bankruptcy court) to the court of appeals where certification has been granted.  See Woolsey v. Citibank, N.A. (In re Woolsey), 696 F.3d 1266, 1268 (10th Cir. 2012) (noting that the issue is uncertain); Lindsey v. Pinnacle Nat'l Bank (In re Lindsey), 726 F.3d 857, 858–59 (6th Cir. 2013) (suggesting that parties could have sought § 158(d)(2) certification from a district court order).

Props., LLC), 509 F.3d 15, 21 (1st Cir. 2007) (internal quotation marks omitted).  This flexibility means that an order may be final even if it does not resolve all issues in the case, "but it must finally dispose of all the issues pertaining to a discrete dispute within the larger proceeding."  Perry v. First Citizens Fed. Credit Union (In re Perry), 391 F.3d 282, 285 (1st Cir. 2004).  We have recognized that, when an intermediate appellate court "remands a matter to the bankruptcy court for significant further proceedings, there is no final order for purposes of § 158(d) and the court of appeals lacks jurisdiction."  In re Gould & Eberhardt Gear Mach. Corp., 852 F.2d 26, 29 (1st Cir. 1988).  Conversely, "[w]hen a remand leaves only ministerial proceedings, for example, computation of amounts according to established formulae, then the remand may be considered final."  Id.

We have previously suggested that an order denying confirmation of a reorganization plan may not be a final order so long as the bankruptcy case has not been dismissed and the debtor remains free to propose a modified plan.  See Watson, 403 F.3d at 4-5.  In Watson, the parties conceded that the bankruptcy court's order denying confirmation was not final, so this court did not expressly rule on the issue.  Id. at 4.  Instead, we held that, even if the order was not final when issued, it became final when the bankruptcy court entered an order dismissing the case.  Id. at 5.  The question thus remains open in this circuit.

The finality of an order denying confirmation of a reorganization plan is the subject of a circuit split. A pair of recent cases covers the terrain. The Sixth Circuit joined the Second, Eighth, Ninth, and Tenth[4] Circuits in holding that such an order is not final if the case has not been dismissed and the debtor remains free to propose another plan. See Lindsey v. Pinnacle Nat'l Bank (In re Lindsey), 726 F.3d 857, 859 (6th Cir. 2013). The Fourth Circuit, over a strong dissent, joined the Third and Fifth Circuits in holding that such an order can be final, even if the underlying bankruptcy case has not been dismissed. See Mort Ranta v. Gorman, 721 F.3d 241, 248 (4th Cir. 2013).

Bullard urges us to eschew a rigid standard by which an order denying confirmation is per se not a final order, and, more expansively, to hold not only that such an order can be final, but that it should be presumed to be final unless the appellee can show otherwise. Hyde Park urges us to join the majority of the circuits and hold that an order denying confirmation is not a final order if the debtor may still propose an amended plan. It argues in the

---

[4] The Tenth Circuit's approach differs from the approach adopted by most other circuits, including this one, insofar as it does not treat finality any differently in the bankruptcy context. See Simons v. FDIC (In re Simons), 908 F.2d 643, 644 (10th Cir. 1990) (per curiam) (noting that circuit precedent interprets finality for § 158(d) purposes in accordance with traditional finality principles); see also Gordon v. Bank of Am., N.A. (In re Gordon), 743 F.3d 720, 723–24 & n.2 (10th Cir. 2014) (reaffirming Simons in the face of contrary extra-circuit precedent).

alternative that, even if such an order could be final, Bullard has not satisfied any flexible standard we might adopt.

The principles set forth in <u>Perry</u> and <u>Gould & Eberhardt</u> dictate the result in this case. An order of an intermediate appellate tribunal affirming the bankruptcy court's denial of confirmation of a reorganization plan is not a final order so long as the debtor remains free to propose an amended plan. The rejection of Bullard's plan plainly does not "finally dispose of all the issues pertaining to a discrete dispute within the larger proceeding,"[5] <u>Perry</u>, 391 F.3d at 285, nor are the bankruptcy court's responsibilities on remand "only ministerial," <u>Gould & Eberhardt</u>, 852 F.2d at 29. The bankruptcy court gave Bullard a thirty-day deadline to file an amended plan, a deadline that, on Bullard's motion, the court continued pending the outcome of his

_____

[5] We are not persuaded by the Fourth Circuit's determination that rejection of a proposed plan resolves the "discrete issue" of "whether [a] proposed Chapter 13 plan merits confirmation" and is therefore a final, appealable order. <u>Mort Ranta</u>, 721 F.3d at 247. Almost every bankruptcy court order resolves some discrete issue, but that is not the same as "finally dispos[ing] of all the issues pertaining to a discrete dispute within the larger proceeding," <u>Perry</u>, 391 F.3d at 285; <u>see</u> <u>also</u> <u>In re Comdisco, Inc.</u>, 538 F.3d 647, 651 (7th Cir. 2008) (distinguishing discrete issues from discrete disputes, and likening the latter to "disposition of a claim that would be final as a stand-alone suit outside of bankruptcy" (quoting <u>In re Morse Electric Co.</u>, 805 F.2d 262, 265 (7th Cir. 1986))). We have described "an order that conclusively determines a separable dispute over a creditor's claim or priority" as an example of an order resolving a discrete dispute. <u>In re Saco Local Dev. Corp.</u>, 711 F.2d 441, 445–46 (1st Cir. 1983). In contrast, an order denying confirmation would, at most, finally resolve a discrete issue.

appeal.  Once Bullard files a new plan, his creditors will have an opportunity to file objections and the bankruptcy court must determine whether to sustain those objections or confirm the new plan.  "Nothing about these tasks is mechanical or ministerial . . . ."  Lindsey, 726 F.3d at 859; see also Gordon v. Bank of Am., N.A. (In re Gordon), 743 F.3d 720, 723 (10th Cir. 2014) ("[T]he bankruptcy court will have to give creditors notice of the new amended plan, permit time for any objections, and then conduct another confirmation hearing.  All of which is to say, the district court remanded the [debtors'] case to the bankruptcy court for significant further proceedings.") (internal quotation marks omitted).  "Essentially everything remains unresolved in the Chapter 13 bankruptcy below. . . . [A]n order cannot sensibly be final when it not only fails to dismiss the underlying case but additionally advises that a party may revise its own court filings."  Mort Ranta, 721 F.3d at 258 (Faber, J., dissenting).

Bullard argues that the ability to propose an alternative plan is illusory in this case, as the plan he proposed is the only feasible plan.  He says that, if he cannot appeal the denial of his plan, his only options are to propose an unwanted plan, object to it, and appeal its confirmation, or to allow his petition to be dismissed and appeal the dismissal.  See also Mort Ranta, 721 F.3d at 248 (noting that the first option is inefficient and the second risks loss of the automatic stay, and thus vulnerability to

foreclosure or collection activities, if a stay pending appeal is not granted); <u>Bartee</u> v. <u>Tara Colony Homeowners Ass'n</u> (<u>In re Bartee</u>), 212 F.3d 277, 282–83 & n.6 (5th Cir. 2000) (same).

Bullard's options may be unappealing at this stage in the game, but he ignores the fact that Congress laid out other options for him -- options that he did not pursue. He could have sought certification and authorization to directly appeal the bankruptcy court's order to this court under 28 U.S.C. § 158(d)(2). Likewise, had he chosen to take his intermediate appeal to the district court rather than the BAP, he could have sought permission to appeal the district court's interlocutory order under 28 U.S.C. § 1292(b). Although neither of these routes provides for appeals as of right, they do provide a safety valve for situations in which delaying review by the court of appeals would be unjust or inappropriate. In any event, we do not think it problematic to adopt a rule that encourages, to the greatest extent possible, debtors and creditors to negotiate a mutually agreeable plan without requiring appellate intervention. That such a harmonious outcome may be unlikely or even impossible in some cases does not require adopting a different rule.

Bullard suggests that requiring him to propose an unwanted plan or dismiss his petition is especially unwarranted in this case because his appeal presents a pure question of law that is unsettled in this circuit. However, that is precisely the

scenario envisioned for certification of a direct appeal under § 158(d)(2)(A)(i).[6]  We do not see how falling within a category allowing for direct appeal of an interlocutory order under § 158(d)(2) is an argument in favor of finding that the order is final under § 158(d)(1).  "Why certify such issues for appeal if 'final' in § 158(d)(1) covers them anyway?  And why add § 158(d)(2) to the Code in 2005 if § 158(d)(1) already did the work?"  Lindsey, 726 F.3d at 860; see also Mort Ranta, 721 F.3d at 258 (Faber, J., dissenting) ("[The debtor] seeks immediate resolution of what he asserts is a novel legal issue.  Assuming the debtor is correct, his case's legal novelty makes it a prime candidate for interlocutory review under 28 U.S.C. [§] 158(d)(2) or 28 U.S.C. [§] 1292(b).  However, any novelty of this case's merits, and any eagerness to have this Court reach them, should not bend the judicially-crafted 'flexible finality' concept such that it renders the multiple avenues for interlocutory appeals unnecessary.").

Bullard cautions that not allowing immediate appeal of the denial of confirmation will cause judicial inefficiency.[7]

---

[6] Section 158(d)(2)(A) permits a lower court to certify a direct appeal to the court of appeals if: (i) the challenged order implicates a question of law as to which there is no controlling authority, or "involves a matter of public importance"; (ii) the challenged order "involves a question of law requiring resolution of conflicting decisions"; or (iii) an immediate appeal "may materially advance the progress of the case."

[7] We note that concerns about inefficiency do not allow us to take jurisdiction where Congress has not given it.  See Gordon, 743 F.3d at 724 (rejecting argument that efficiency concerns allow

Bullard cites Zahn v. Fink (In re Zahn), 367 B.R. 654 (B.A.P. 8th Cir. 2007), as an example of a case in which a rule of non-finality caused a "waste of judicial resources . . . [that] ought to give this court pause." There, the bankruptcy court denied confirmation of the debtor's original plan and the BAP dismissed her appeal as interlocutory (she does not appear to have sought leave for an interlocutory appeal under § 158(a)(3)). Id. at 655. The debtor then filed, and objected to, an unwanted plan, which the bankruptcy court confirmed. Id. at 655-56. On appeal, the BAP held that the original plan did not become final upon confirmation of the unwanted plan, and thus was not properly before the court, id. at 656, and that the debtor lacked standing to appeal the confirmation of her own plan, even if unwanted, id. at 657. The Eighth Circuit disagreed on both counts, remanding the case back to the BAP for

court of appeals to review denial of confirmation because "this court cannot take jurisdiction where none is to be had") (internal quotation marks omitted). Bankruptcy cases may demand flexibility, but, "as the Supreme Court has reminded us in construing § 158(d) and § 1291 . . . , the key question is what the statute says about jurisdiction, not what the area regulated by Congress may demand." Lindsey, 726 F.3d at 860. Congress, through § 158(d)(2) and § 1291, has already granted the courts of appeals flexibility to hear interlocutory appeals from bankruptcy court orders in certain circumstances; Federal Rule of Civil Procedure 54(b) allows district courts to certify orders resolving particular claims or entering judgment as to particular parties as "final" for § 158(d)(1) purposes; and courts, including this one, see Northwood Props., 509 F.3d at 21; Perry, 391 F.3d at 285, have recognized that orders resolving discrete disputes can be appealed even as the larger proceeding continues. See Lindsey, 726 F.3d at 860. Bankruptcy's demand for flexibility is not unmet; "[t]here is in short flexibility aplenty in this area." Id.

consideration of the unwanted and original plans. <u>Zahn</u> v. <u>Fink</u> (<u>In re Zahn</u>), 526 F.3d 1140, 1142–44 (8th Cir. 2008). On remand, the BAP held that the bankruptcy court erred in not confirming the original plan, vacated the confirmation of the unwanted plan, and remanded to the bankruptcy court with instructions to confirm the original plan. <u>Zahn</u> v. <u>Fink</u> (<u>In re Zahn</u>), 391 B.R. 840, 847 (B.A.P. 8th Cir. 2008). While this series of events was undoubtedly inefficient, much of the inefficiency was attributable to the debtor's failure to seek permissive interlocutory review in the BAP or district court (or directly to the court of appeals) when her original plan was rejected and the BAP's erroneous rulings as to standing[8] and the reviewability of the original plan after confirmation of the unwanted plan. <u>Zahn</u> does not represent inefficiency necessarily incident to a rule of non-finality.

Any rule that routinely treats the denial of confirmation as a final order would introduce its own form of inefficiency. Bullard's proposal, with its presumption of finality, would clog the appellate dockets with issues that could, and should, be decided elsewhere. "[T]here is something to be said in a day of

---

[8] The majority in <u>Mort Ranta</u> was concerned that a rule treating denial of confirmation as interlocutory could raise standing problems if a debtor appealed confirmation of his own unwanted plan. 721 F.3d at 248 n.10. As the dissent noted, this concern was "unwarranted" since the debtor would still be "a person aggrieved . . . because each previous denial of confirmation -- which I contend would be interlocutory -- merges with the plan's final confirmation." <u>Id.</u> at 263 n.11 (Faber, J., dissenting) (internal quotation marks omitted).

burgeoning appellate dockets for taking care not to construe jurisdictional statutes . . . with great liberality.  Otherwise, at every stage of the bankruptcy proceedings the parties will run to the court of appeals for higher advice."  Maiorino v. Branford Sav. Bank, 691 F.2d 89, 91 (2d Cir. 1982).  Or, if we were to adopt a less liberal rule requiring case-by-case, fact-intensive review, the parties and the courts would be bogged down in extended jurisdictional analyses before even approaching the merits.  But "[j]urisdictional rules ought to be simple and precise so that judges and lawyers are spared having to litigate over not the merits of a legal dispute but where and when those merits shall be litigated."  In re Lopez, 116 F.3d 1191, 1194 (7th Cir. 1997); see Lindsey, 726 F.3d at 859 ("[A] straightforward [finality] test also has the virtue of being easy to implement and resistant to time-consuming and costly side shows about the meaning of jurisdictional requirements."); Mort Ranta, 721 F.3d at 258 n.6 (Faber, J., dissenting) ("[W]hether a court has jurisdiction [is] an issue that generally should not be fact-intensive or merits-based.").  The clear rule we adopt today -- an intermediate appellate court's affirmance of a bankruptcy court's denial of confirmation of a reorganization plan is not a final order appealable under § 158(d)(1) so long as the debtor remains free to propose an amended plan -- promotes judicial efficiency and is

faithful to the limitations that Congress has placed on our jurisdiction.[9]

### III. Conclusion

For the foregoing reasons, we <u>dismiss</u> this appeal for lack of jurisdiction. All parties shall bear their own costs on appeal.

<u>So ordered</u>.

---

[9] The analysis may differ in certain circumstances where the bankruptcy court confirmed a plan and the BAP or district court reversed. In <u>Northwood Properties</u>, the creditors filed a motion that, if granted, likely would have doomed the debtor's reorganization. 509 F.3d at 18. The bankruptcy court denied the motion and confirmed the plan. <u>Id.</u> On intermediate appeal, the district court determined that the denial of the creditors' motion was error and remanded the confirmation order for reconsideration in light of its ruling. <u>Id.</u> On further appeal to this court, we held that the bankruptcy court had correctly denied the creditors' motion. <u>Id.</u> at 22-24. We also held that, because the district court remanded the confirmation order based on its erroneous ruling as to the creditors' motion, without considering the creditors' objections to the plan, we had jurisdiction to review the bankruptcy court's confirmation order -- which, of course, was a final order. <u>See</u> <u>id.</u> at 24-25.

We followed a similar path in <u>Prudential Insurance Co. of America</u> v. <u>SW Boston Hotel Venture, LLC</u> (<u>In re SW Boston Hotel Venture, LLC</u>), ___ F.3d ___, 2014 WL 1399418 (1st Cir. Apr. 11, 2014). There, the BAP reversed the bankruptcy court on a plan-dispositive issue and, on that basis alone, without considering the creditors' other objections to the plan, vacated and remanded the confirmation order. <u>Id.</u> at *16. As in <u>Northwood Properties</u>, we determined that the reversal was in error. <u>See</u> <u>id.</u> We also held that we had jurisdiction over the BAP's remand order, even though it contemplated significant further proceedings in the bankruptcy court, because, among other reasons, our decision as to the first issue eviscerated its entire premise and left only ministerial tasks for the bankruptcy court. <u>Id.</u> at *16-17.