**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 27, 2024**

**Christopher M. Wolpert**
**Clerk of Court**

## UNITED STATES COURT OF APPEALS

### FOR THE TENTH CIRCUIT

_____

In re: SHERRY ANN MCGANN,

    Debtor.

------------------------------

SHERRY ANN MCGANN,

    Appellant,

v.

JEANNE JAGOW, Chapter 7 Trustee,

    Appellee.

No. 24-1057
(BAP No. 23-24-CO)
(Bankruptcy Appellate Panel)

_____

### ORDER AND JUDGMENT[*]
_____

Before **MATHESON**, **BACHARACH**, and **EID**, Circuit Judges.
_____

The bankruptcy court ordered pro se appellant Sherry Ann McGann to allow

the Trustee access to certain real property.  Ms. McGann appealed to the Bankruptcy

Appellate Panel (BAP) and asked the BAP to stay the order.  The BAP denied a stay,

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.  This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and Ms. McGann appealed that denial to this court. She then filed an emergency motion for stay in this court, seeking a stay pending appeal of the bankruptcy court's subsequent order specifying that the Trustee was to have access to the real property on February 28, 2024, and March 6, 2024.

After Ms. McGann filed her appeal, this court issued an order to show cause questioning our appellate jurisdiction. Ms. McGann has filed her response. In light of the urgent nature of Ms. McGann's emergency motion for stay, we consider our appellate jurisdiction in conjunction with her motion for stay.

Ms. McGann suggests two grounds for appellate jurisdiction: finality and an interlocutory appeal. But neither ground establishes our appellate jurisdiction to review the BAP's denial of a stay.

"The denial of a stay pending appeal is not an appealable order." *UFCW Loc. 880-Retail Food Employers Joint Pension Fund v. Newmont Mining Corp.*, 276 F. App'x 747, 749 (10th Cir. 2008) (unpublished) (internal quotation marks omitted). Ms. McGann suggests that the order is final because on February 25, the bankruptcy court denied her motion to reconsider the denial of her motion to dismiss her bankruptcy. That bankruptcy-court decision, however, has no impact on the finality of the BAP's order denying a stay.

Ms. McGann next suggests that the court could allow an interlocutory appeal under 28 U.S.C. § 1292(b). Although § 1292(b) allows appeals from a district court sitting as an appellate court in bankruptcy, *see Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 1150 (1992), other circuits have not extended that rule to appeals from

2

BAP decisions, *see Bullard v. Hyde Park Sav. Bank* (*In re Bullard*), 752 F.3d 483, 485 n.2 (1st Cir. 2014) (stating that § 1292(b) "is inapplicable to orders of the BAP"), *aff'd*, 575 U.S. 496 (2015); *Dominguez v. Miller* (*In re Dominguez*), 51 F.3d 1502, 1506 n.2 (9th Cir. 1995) ("[I]nterlocutory review is not available under section 1292(b) for appeals from a bankruptcy appellate panel."). And even if § 1292(b) were available, the BAP has not certified that its "order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation," as would be required for appeal under § 1292(b). *See Gordon v. Bank of Am., N.A.* (*In re Gordon*), 743 F.3d 720, 724 (10th Cir. 2014) (noting the appellants "did not seek § 1292 certification and we cannot certify on our own").

We have not identified any other ground that would establish appellate jurisdiction in these circumstances. Accordingly, this appeal is dismissed for lack of jurisdiction. It follows that we must deny the emergency motion for stay pending appeal. *See Desktop Direct, Inc. v. Digital Equip. Corp.*, 993 F.2d 755, 760 (10th Cir. 1993) (denying stay as a consequence of finding court lacked jurisdiction over interlocutory appeal).

Entered for the Court

Per Curiam

3