RECOMMENDED FOR FULL-TEXT PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 13a0223p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

_____

In re WILLIAM EDWIN LINDSEY,

> _Debtor._

————————————————————————

WILLIAM EDWIN LINDSEY,

> _Appellant._

    _v._

PINNACLE NATIONAL BANK, FIRSTBANK, and
VALUE RECOVERY GROUP,

> _Appellees._

No. 12-6362

Appeal from the United States District Court
for the Eastern District of Tennessee at Knoxville.
No. 3:11-cv-00445—Tena Campbell, District Judge.

Argued: July 30, 2013

Decided and Filed:  August 13, 2013

Before:  GIBBONS, SUTTON and KETHLEDGE, Circuit Judges.

_____

## COUNSEL

**ARGUED:** Michael H. Fitzpatrick, JENKINS & JENKINS ATTORNEYS, PLLC, Knoxville, Tennessee, for Appellant.  Thomas H. Dickenson, HODGES, DOUGHTY & CARSON, PLLC, Knoxville, Tennessee, for Appellees Pinnacle and Value Recovery. Walter N. Winchester, WINCHESTER, SELLERS, FOSTER & STEELE, P.C., Knoxville, Tennessee, for Appellee FirstBank.  **ON BRIEF:** Michael H. Fitzpatrick, JENKINS & JENKINS ATTORNEYS, PLLC, Knoxville, Tennessee, for Appellant. Thomas H. Dickenson, HODGES, DOUGHTY & CARSON, PLLC, Knoxville, Tennessee, for Appellees Pinnacle and Value Recovery.  Walter N. Winchester, Joshua R. Holden, WINCHESTER, SELLERS, FOSTER & STEELE, P.C., Knoxville, Tennessee, for Appellee FirstBank.

———————————

**OPINION**

———————————

SUTTON, Circuit Judge.  William Lindsey challenges a district court decision rejecting his proposed Chapter 11 reorganization plan.  Because we lack jurisdiction over his appeal from this non-final order, we must dismiss the appeal.

Lindsey filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code in April 2010.  His reorganization plan identified twelve classes of creditors. Because Lindsey sought to retain a majority of his assets, including several pieces of real property, through the proposed plan, three banks (Pinnacle National Bank, First Bank and Mountain National Bank), impaired creditors all, opposed the plan, insisting that it did not satisfy the requirements for a "fair and equitable" plan.  11 U.S.C. § 1129(b)(1). The banks focused on one feature of the plan—that it did not comply with the absolute priority rule, which bars debtors from retaining any property unless the reorganization plan pays all dissenting creditors in full.  11 U.S.C. § 1129(b)(2)(B)(ii); *see Norwest Bank Worthington v. Ahlers*, 485 U.S. 197, 202 (1988).  Lindsey responded that the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005 abrogated the absolute priority rule with respect to individual debtors.

The bankruptcy court refused to confirm Lindsey's plan, concluding that the absolute priority rule remains in full force for individual Chapter 11 debtors. The district court affirmed the bankruptcy court's decision.  Lindsey seeks review of that order.

The parties' focus on this interesting question has obscured another question: Does a district court's rejection of a reorganization plan create a final appealable order? Neither party, it is true, claims we lack jurisdiction over this appeal.  Yet subject matter jurisdiction is neither forfeitable nor waivable, meaning we must address it at the outset, whether the parties want us to or not, whether they think jurisdiction exists or not.  It is a question, to use a phrase that comes to mind, that takes absolute priority over all merits questions in a case.

Congress has set forth two general paths for appealing a bankruptcy decision to a court of appeals. One provides jurisdiction to hear appeals from "final judgments, orders, and decrees" by district courts or bankruptcy appellate panels. 28 U.S.C. § 158(d)(1); *see* 28 U.S.C. § 1291 (permitting appeals in all civil cases from "final decisions" of the district courts); *see also* Fed. R. Civ. P. 54(b) (permitting district courts in multi-claim, multi-party cases to "direct entry of a final judgment" as to one or more claims or parties if the court finds there is no reason for delay). The other permits review of interlocutory orders properly certified and accepted. Under this second provision, the district court (or bankruptcy appellate panel or bankruptcy court) itself may certify, a party may request the court to certify, or the parties together may certify that: (1) the order implicates a question of law on which there is no "controlling" authority and it involves a "matter of public importance"; (2) the order implicates a legal question "requiring resolution of conflicting decisions"; or (3) an immediate appeal from the order will "materially advance" the case. 28 U.S.C. § 158(d)(2); *see id.* § 1292(b) (allowing a district court to certify for immediate appeal an interlocutory order that "involves a controlling question of law as to which there is substantial ground for difference of opinion" when "an immediate appeal from the order may materially advance the ultimate termination of the litigation"). Once such a certification occurs, the court of appeals may in its discretion accept the certification—and appeal. *Id.*

In this instance, the district court did not enter a "final judgment" under Civil Rule 54, and no one sought certification under § 158(d)(2) or § 1292. That leaves the question whether the district court's decision—rejecting a proposed plan of reorganization—nonetheless amounts to a "final" order.

We have not resolved this question in a published decision, but we have taken several steps down this road. Attempting to bring some clarity to the area, *Settembre v. Fidelity & Guaranty Life Insurance Co.* held as a general matter that a district court order remanding a case to a bankruptcy court is not final for purposes of § 158(d)(1) unless the remand is "of a ministerial character." 552 F.3d 438, 442 (6th Cir. 2009). Consistent with this approach, we have required parties subject to non-final orders either

to obtain a finality certification from the district court as to some of the claims or parties in the case under Civil Rule 54(b), or to seek permissive interlocutory review of the order under 28 U.S.C. §§ 158(d)(2), 1292. *See Settembre*, 552 F.3d at 441; *see also In re Brown*, 248 F.3d 484, 488 (6th Cir. 2001). "[F]inal judgments, orders, and decrees" under § 158(d)(1), we have insisted, must indeed be final, largely mirroring our understanding of finality under § 1291. *Settembre*, 552 F.3d at 441. Then and now, we see no good reason to have "final" "mean one thing in the former cases and another in the latter." *Id.*; *see Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992) (comparing § 158(d) and § 1291 and noting that they both confer jurisdiction over "final decisions"). This straightforward test also has the virtue of being easy to implement and resistant to time-consuming and costly side shows about the meaning of jurisdictional requirements. *See generally Hertz Corp. v. Friend*, 559 U.S. 77, 94 (2010).

Gauged by this understanding of finality, a decision rejecting a confirmation plan is not a final order appealable under § 158(d)(1). Far more than a few ministerial tasks remain to be done after such a decision. Unless Lindsey abandons his petition, he may, indeed must, propose another confirmation plan. Once that happens, the creditors may or may not support the plan, the new plan may or may not require further fact finding and the bankruptcy court may or may not exercise its discretion to confirm the plan. Nothing about these tasks is mechanical or ministerial or otherwise leaves only the job of executing the judgment. Only after these positions are taken and decisions made may a party appeal—whether under § 158(d)(1) because there is a final decision confirming the plan or under § 158(d)(2) because the court or parties successfully seek certification of a decision refusing to confirm the plan. In an unpublished decision, we reached this precise conclusion in the context of a rejected confirmation plan. *In re Hance*, 234 F.3d 1268, 2000 WL 1478390, at *3 (6th Cir. 2000).

We join four other circuits in reaching this conclusion. *See In re Lievsay*, 118 F.3d 661, 662–63 (9th Cir. 1997) (per curiam); *In re Lewis*, 992 F.2d 767, 773–74 (8th Cir. 1993); *In re Simons*, 908 F.2d 643, 644–45 (10th Cir. 1990); *In re Maiorino*, 691 F.2d 89, 90–91 (2d Cir. 1982). Notably, these other circuits reached this conclusion

*before* Congress amended the Code in 2005 to add § 158(d)(2), *see* Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 1233, 119 Stat. 23, 202–03 (2005), and thus to give the explicit option of an interlocutory appeal to a court of appeals in a bankruptcy case.

Three other circuits have gone the other way. *See Mort Ranta v. Gorman*, ___ F.3d ___, No. 12-2017, 2013 WL 3286252, at *3–6 (4th Cir. July 1, 2013); *In re Armstrong World Indus.*, 432 F.3d 507, 511 (3d Cir. 2005); *In re Bartee*, 212 F.3d 277, 283 (5th Cir. 2000). But their explanations for taking this path are not convincing.

One explanation is that bankruptcies demand a "flexible" approach to finality given the number of parties involved and the number of issues at stake. *See Mort Ranta*, 2013 WL 3286252, at *5. Yet, as the Supreme Court has reminded us in construing § 158(d) and § 1291 in another bankruptcy case, the key question is what the statute says about jurisdiction, not what the area regulated by Congress may demand. *See Germain*, 503 U.S. at 253–54 ("[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says there.").

The flexibility needed to manage bankruptcy cases, at any rate, has not been lost on Congress. In the companion subsection to § 158(d)(1), Congress gave parties and courts flexibility to certify issues for appeal if doing so would help settle a novel legal question, resolve conflicting decisions or "materially advance the progress of the case." 28 U.S.C. § 158(d)(2)(A). Civil Rule 54(b) permits a district court to certify as "final" for § 158(d)(1) and § 1291 purposes the resolution of a claim or the entry of judgment for or against a party. The courts have already accounted for the fact that a "case" within a bankruptcy proceeding may be final for these and potentially other purposes even if the entire bankruptcy proceeding has not ended. A bankruptcy proceeding, as we have explained, involves a "'congeries of functionally distinct cases,'" the resolution of some of which (say a third-party adversary action) may create a final decision. *Settembre*, 552 F.3d at 441 n.1 (quoting *In re Lopez*, 116 F.3d 1191, 1193 (7th Cir. 1997)). Section 1292 also permits the immediate appeal of injunction orders, including those arising in all manner of situations in a bankruptcy proceeding. *See United Airlines, Inc. v. U.S.*

*Bank N.A.*, 406 F.3d 918, 923 (7th Cir. 2005); *In re Prof'l Ins. Mgmt.*, 285 F.3d 268, 282 n.16 (3d Cir. 2002); *see also Germain*, 503 U.S. at 252 & n.*.  Keep in mind, moreover, that parties already have a right to one round of appellate review through § 158(a)(3), which allows district courts to take appeals of interlocutory orders "with leave of the court" and without certification.  There is in short flexibility aplenty in this area.

The minority view also argues too much.  If, as these circuits claim, a district or bankruptcy court order may be deemed final solely because of "practical considerations in the interests of judicial economy" or because of the need "to quickly resolve issues central to the progress of a bankruptcy," *Armstrong World Indus.*, 432 F.3d at 511, then § 158(d)(1) leaves no work for § 158(d)(2) to do.  *See Mort Ranta*, 2013 WL 3286252, at *13 (Faber, J., dissenting).  Why certify such issues for appeal if "final" in § 158(d)(1) covers them anyway?  And why add § 158(d)(2) to the Code in 2005 if § 158(d)(1) already did the work?

Other explanations for the minority view also do not go far.  One court thought it strange that a debtor would have to propose a new plan he doesn't want in order to get review of the old plan he favors.  *See Bartee*, 212 F.3d at 283.  But that may not happen. The debtor and his creditors may successfully negotiate a new plan agreeable to all parties, eliminating any appeal at all.  *See In re Zahn*, 526 F.3d 1140, 1143 (8th Cir. 2008).  And if the opposite happens, if the debtor must appeal a confirmed plan with which he disagrees, that leaves even odds that the court of appeals will either approve the plan (and end the case then and there) or reject the plan but announce a rule of law that will allow final (and usually prompt) resolution of the case.

Another court thought it strange that a creditor would get immediate review of a plan confirmation but a debtor would have to wait to challenge a plan rejection.  *See Mort Ranta*, 2013 WL 3286252, at *6.  But this kind of thing happens all of the time in appellate litigation.  A civil plaintiff for example may immediately challenge a grant of summary judgment to a defendant, but a defendant who loses his motion usually has to wait until after trial for appellate review.  To say one class of parties may challenge final

decisions while another class of parties has to wait to argue interlocutory decisions says nothing about whether those decisions are properly treated as final or not.

What of the reality that bankruptcy rules are supposed to be debtor friendly? *Maiorino,* 691 F.2d at 95 (Lumbard, J., dissenting). Not invariably. Congress added § 158(d)(2) to the bankruptcy code as part of its 2005 amendments, which few would call pro-debtor in the main. *See* H.R. Rep. No. 109-31, pt. 1, at 4 (2005) (expressing the concern that "bankruptcy relief may be too readily available and is sometimes used as a first resort, rather than a last resort"). Section 158(d) draws the line between appealable and non-appealable interlocutory orders, and courts should not redraw it to favor one or another group of litigants. Lindsey at all events has hardly been cut adrift without recourse. Before filing this appeal, the parties did not seek certification to appeal the bankruptcy court's decision. While we are aware that, after oral argument in this appeal, the district court entered an order granting the parties' joint motion for certification in accord with § 158(d)(2), the district court lacked jurisdiction over the case at that time and also failed to take into account the limits of § 158(d)(2)(E). Our resolution of this case requires us to dismiss this appeal for lack of jurisdiction and to vacate the district court's decisions for lack of jurisdiction. Keeping in mind the peril of relying on judges for advice about filing deadlines, *see Bowles v. Russell*, 551 U.S. 205 (2007), Lindsey may have a prompt solution available to him. Once the matter returns to the bankruptcy court, that court may wish to re-enter its confirmation plan decision, after which Lindsey remains free to invoke sections 158(a)(3) and (d)(2).

For these reasons, we dismiss the appeal for lack of jurisdiction.