**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 14a0518n.06

Nos. 13-5629, 13-5630, 13-5728

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**
Jul 15, 2014
DEBORAH S. HUNT, Clerk

| | |
|---|---|
| PHAEDRA SPRADLIN, solely in her capacity as the Chapter 7 Trustee of Alma Energy, LLC; THC KENTUCKY COAL VENTURE I, LLC, <br><br>     **Plaintiffs-Appellants/ Cross-Appellees,** <br><br> v. <br><br> GARY J. RICHARD; BANNER INDUSTRIES OF N.E., INC.; PIKEVILLE ENERGY GROUP, LLC, <br><br>     **Defendants-Appellees/ Cross-Appellants.** | ON APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF KENTUCKY <br><br><br> OPINION |

Before: MERRITT, MOORE, and CLAY, Circuit Judges.

**KAREN NELSON MOORE, Circuit Judge.** This consolidated appeal began with a lengthy adversary proceeding in bankruptcy court, followed by three appeals to the District Court for the Eastern District of Kentucky and three separate district court decisions, two of which have been appealed to this court.

In the adversary proceeding in the bankruptcy court, THC Kentucky Coal Venture I, LLC ("THC") and others brought claims against Pikeville Energy Group, LLC ("PEG") and others, and PEG and others brought cross-claims against THC and others. The bankruptcy court dismissed THC's complaint for want of subject-matter jurisdiction and dismissed PEG's cross-

claims for failure to state a claim. THC appealed and PEG cross-appealed. PEG missed a deadline in the cross-appeal to submit a designation of items to be included in the record and a statement of issues to be considered on appeal. When the bankruptcy court denied PEG's motion to extend time, PEG also appealed that ruling to the district court. In the district court, THC moved to dismiss PEG's cross-appeal for want of prosecution. The district court reversed the bankruptcy court's denial of PEG's motion to extend time, denied THC's motion to dismiss, and concluded that the bankruptcy court lacked subject-matter jurisdiction over PEG's cross-claims and so erred by ruling on the merits of the cross-claims. Although all parties agree that the jurisdictional ruling was correct, THC appealed the district court's decision on PEG's motion to extend time and THC's own motion to dismiss. We conclude that because the bankruptcy court lacks jurisdiction over the cross-claims, the disputes over the rulings made in the course of PEG appealing the dismissal of the cross-claims for failure to state a claim are moot.

Additionally, the bankruptcy court awarded sanctions to THC against PEG, Banner Industries of N.E., Inc. ("Banner"), and Gary Richard ("Richard") for bad faith and unpreparedness during a mediation ordered by the bankruptcy court. The district court affirmed the award, and we affirm the district court.

## I. BACKGROUND

"[T]his case has a 'tortured history' that winds through a 'scrambled maze of facts and allegations.'" *Spradlin v. Pikeville Energy Grp., LLC ("Spradlin I")*, No. 12-111-ART, 2012 WL 6706188, at *1 (E.D. Ky. Dec. 26, 2012). Because the district court has thoroughly and

accurately summarized the history of this litigation, *see id.* at *1–4, we review only those events relevant to the disposition of the issues in these appeals.

Alma Energy, LLC ("Alma Energy") filed for Chapter 11 bankruptcy in 2007; the bankruptcy was later converted to a Chapter 7 proceeding. B.R. 1 (Chapter 11 Petition);[1] B.R. 702 (5/20/2009 Record Entry). Phaedra Spradlin was appointed as the Interim Trustee in the proceeding. B.R. 703 (5/20/2009 Record Entry). Alma Energy commenced an adversary proceeding in the bankruptcy court by filing a complaint against various entities and individuals including THC and PEG. B.R. 664 (Compl.). PEG answered the complaint and filed cross-claims against THC and other entities and individuals. A.P. 23 (PEG Answer and Cross-cl.).[2] Trustee Spradlin entered into a settlement agreement with various individuals and entities, including THC. B.R. 780 (Mot. to Approve Settlement); B.R. 842 (Settlement Order). The Settlement Agreement provided that "THC shall inherit in full all of the claims and causes of action belonging to the Debtor and/or Estate arising before and after the date of this Agreement" against various individuals and entities including PEG and Richard and that "any and all proceeds with respect to the litigation and/or liquidation of such claims and causes of action shall belong to THC and only THC." B.R. 780-2 (2009 Settlement Agreement at ¶8).

Spradlin and THC then filed a first amended complaint asserting state-law claims against PEG and other entities and individuals. A.P. 73 (First Am. Compl.). PEG filed first amended cross-claims against THC and other entities and individuals. A.P. 120 (First Am. Cross-cl.).

---

[1]"B.R." refers to documents filed in the bankruptcy proceeding, Case No. 07-70370-jl.

[2]"A.P." refers to documents filed in the adversary proceeding, Case No. 09-07005-jl.

The bankruptcy court granted THC's and others' motions to dismiss PEG's first amended cross-claims pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. A.P. 208 (Order Granting Mot. to Dismiss First Am. Cross-cl.); A.P. 209 (Order). Spradlin and THC then filed a second amended complaint, adding Banner as a defendant. A.P. 416 (Second Am. Compl.). PEG, Banner, Richard, and others moved to dismiss Spradlin and THC's second amended complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject-matter jurisdiction, arguing that the claims were all non-core, unrelated matters over which the bankruptcy court lacks subject-matter jurisdiction. A.P. 491-1 (Mem. of Law in Support of Mot. to Dismiss).

Without ruling on PEG's motion to dismiss for lack of subject-matter jurisdiction, the bankruptcy court ordered the parties to mediate their claims. A.P. 527 (Order to Mediate). The mediation did not succeed, and the mediator returned the case to the bankruptcy court. A.P. 549 (Mediator's Report). In his report, the mediator concluded that PEG, Richard, and Banner "have not and will not engage in any meaningful negotiation process in this matter," "have demonstrated bad faith and disrespect for the mediation process," and "are deserving of sanctions by the Court." *Id.* at 3–4. PEG, Richard, Banner, and others filed exceptions to the Mediator's Report. A.P. 553 (Exceptions to Mediator's Report). Spradlin and THC moved for sanctions against PEG, Richard, and Banner for unpreparedness and bad faith in the mediation process. A.P. 555 (Mot. for Sanctions).

4

The bankruptcy court then acted on the motion of PEG, Richard, and Banner to dismiss Spradlin and THC's second amended complaint, concluding that the bankruptcy court lacks subject-matter jurisdiction over THC's claims. A.P. 610 (Mem. Op. & Order Granting Mot. to Dismiss Second Am. Compl.). The bankruptcy court concluded that all of the parties in the adversary proceeding were nondebtors, and the proceeding was not "related to" the Chapter 11 proceeding because the 2009 Settlement Agreement gave control over the claims in the adversary proceeding to THC and others, and the bankruptcy estate was left with only "an extremely tenuous connection [to the adversary proceeding] . . . which is not a sufficient basis upon which this Court may rely for subject-matter jurisdiction." *Id.* at 19–20. Spradlin and THC moved to alter or amend this decision. A.P. 624 (Mot. to Alter or Amend). The bankruptcy court did not change its position that the bankruptcy court lacked subject-matter jurisdiction over the non-Banner claims, but the bankruptcy court concluded that the Banner claims were at least "related to" the bankruptcy case and so the bankruptcy court had subject-matter jurisdiction over those claims, but those claims were noncore matters. A.P. 640 (Order on Mot. to Alter or Amend at 8–9). The bankruptcy court declined to exercise supplemental jurisdiction over the non-Banner claims, *id.* at 9–10, and exercised "its discretion to abstain from exercising jurisdiction over the Banner Claims" under 28 U.S.C. § 1334(c)(1), *id.* at 11. Accordingly, the bankruptcy court entered an order dismissing Spradlin and THC's second amended complaint. A.P. 643 (Order Dismissing Second Am. Compl.).

On September 21, 2012, the bankruptcy court granted Spradlin and THC's request for sanctions against PEG, Banner, and Richard and awarded $30,052.09 in sanctions to THC. A.P. 649 (Sanctions Order at 8).

Spradlin and THC filed a notice of appeal of the dismissal of their second amended complaint for lack of subject-matter jurisdiction. A.P. 644 (THC Notice of Appeal) (appealing from A.P. 610, 611, 640, 642, and 643). PEG filed a timely notice of the cross-appeal of the dismissal of its first amended cross-claims for failure to state a claim, A.P. 647 (PEG Notice of Cross-Appeal) (appealing from A.P. 208, 209, 305, and 306), but failed to meet a deadline for submitting a cross-designation of items to be included in the record of appeal and a statement of additional issues to be pursued on appeal, as required by Bankruptcy Procedure Rule 8006. PEG, Banner, and Richard moved for an extension of time.[3] A.P. 651 (Mot. for Extension). The bankruptcy court overruled the motion because it concluded that the failure to comply with the deadline was not the result of excusable neglect. A.P. 657 (Order Den. Mot. for Extension). PEG, Richard, and Banner then filed a notice of appeal of the bankruptcy court's award of sanctions and denial of the motion for extension of time. A.P. 661 (PEG Notice of Appeal) (appealing A.P. 649, 657). Additionally, Spradlin and THC moved in the district court to dismiss PEG's cross-appeal of the dismissal of its first amended cross-claims for failure to state a claim, arguing that the cross-appeal could not proceed without the designation of items to be included in the record and statement of issues to be presented on appeal, and even if dismissal

[3]PEG brought the first amended cross-claims on its own behalf. It is not clear why Richard and Banner moved with PEG for the extension of time, since they were not parties to the first amended cross-claims.

was not mandated, the late filing of these documents permitted dismissal of the cross-appeal under Bankruptcy Rule 8001(a). 113 R. 2-1 (Memo. for Mot. to Dismiss at 5–7).[4]

The district court issued three opinions disposing of Spradlin and THC's appeal and PEG's cross-appeal and appeal. First, the district court affirmed the dismissal of Spradlin and THC's second amended complaint for lack of subject-matter jurisdiction. *Spradlin I*, 2012 WL 6706188. Spradlin and THC did not appeal this decision. Second, the district court affirmed the bankruptcy court's sanctions award. *Richard v. Spradlin ("Spradlin II")*, No. 12-127-ART, 2013 WL 1571059 (E.D. Ky. Apr. 12, 2013). Finally, the district court reversed the bankruptcy court's denial of PEG's motion to extend time; denied Spradlin and THC's motion to dismiss PEG's cross-appeal for want of prosecution; and held that the bankruptcy court lacks subject-matter jurisdiction over PEG's cross-claims and so reversed the bankruptcy court's dismissal of the cross-claims for failure to state a claim. *Pikeville Energy Grp., LLC v. Spradlin ("Spradlin III")*, Nos. 12-113-ART, 12-127-ART, 2013 WL 1718801 (E.D. Ky. Apr. 19, 2013). Spradlin and THC appealed this decision, initiating Case Nos. 13-5628 and 13-5630 in this court. 113 R. 24 (THC Notice of Appeal) (appealing 113 R. 21, 22, 23); 127 R. 33 (THC Notice of Appeal) (appealing 127 R. 29, 30, 31).[5] PEG, Richard, and Banner cross-appealed the affirmance of the sanctions, initiating Case No. 13-5728 in this court. 127 R. 37 (PEG Notice of Cross-Appeal) (appealing 127 R. 27, 31).

---

[4]"113 R." refers to documents in district court Case No. 12-113-ART.

[5]The April 19, 2013, decision disposed of issues in Case No. 12-113-ART and Case. No. 12-127-ART; hence THC's appeal from the decision was docketed under both case numbers.

## II. ANALYSIS

### A. Standard of Review

"In a bankruptcy appeal, [we] 'review[] the bankruptcy court's decision rather than the district court's review of the bankruptcy court's decision.'" *Mayor of Baltimore v. W. Va. (In re Eagle-Picher Indus., Inc.)*, 285 F.3d 522, 526–27 (6th Cir. 2002) (quoting *Barlow v. M.J. Waterman & Assocs., Inc. (In re M.J. Waterman & Assocs., Inc.)*, 227 F.3d 604, 607 (6th Cir. 2000)).   We review factual findings for clear error, legal conclusions de novo, and equitable determinations for an abuse of discretion. *Id.* at 527.   "A bankruptcy court abuses its discretion when 'it relies upon clearly erroneous findings of fact or when it improperly applies the law or uses an erroneous legal standard.'" *Riverview Trenton R.R. Co. v. DSC, Ltd., (In re DSC, Ltd.)*, 486 F.3d 940, 944 (6th Cir. 2007) (quoting *In re Eastown Auto Co.*, 215 B.R. 960, 963 (BAP 6th Cir. 1998)).

### B. PEG's Motion to Extend Time and THC's Motion to Dismiss

"[E]very federal appellate court has a special obligation to satisfy itself not only of its own jurisdiction, but also that of the lower courts in a cause under review, even though the parties are prepared to concede it. . . . [When the lower federal court] lack[s] jurisdiction, we have jurisdiction on appeal, not of the merits but merely for the purpose of correcting the error of the lower court in entertaining the suit." *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986) (quotation marks omitted).   We conclude that PEG's motion to extend time and Spradlin and THC's motion to dismiss PEG's cross-appeal are moot by virtue of the bankruptcy

8

court's lack of subject-matter jurisdiction over PEG's cross-claims, and therefore the district court lacked, and we lack, jurisdiction over those issues.

The district court's unchallenged conclusion that the bankruptcy court lacked jurisdiction over PEG's cross-claims should have been the beginning and the end of the district court's analysis. "'Without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause.'" *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94 (1998) (quoting *Ex parte McCardle*, 7 Wall. 506, 514 (1869)). PEG's motion to extend time and THC's motion to dismiss arose in the course of PEG appealing the dismissal of its cross-claims for failure to state a claim, and so those motions mattered only insofar as they impacted PEG's ability to appeal. But because the bankruptcy court did not have jurisdiction over PEG's cross-claims, the cross-claims should never have been dismissed for failure to state a claim and the issues that arose in the course of the appeal should never have occurred. The conclusion that the bankruptcy court lacked jurisdiction over the cross-claims from the beginning cuts off the appeal at its root; the various rulings and motions that occurred in the course of the appeal have no independent impact. Thus, they are moot.

"'Under Article III of the Constitution, our jurisdiction extends only to actual cases and controversies. We have no power to adjudicate disputes which are moot.'" *McPherson v. Mich. High Sch. Athletic Ass'n, Inc.*, 119 F.3d 453, 458 (6th Cir. 1997) (en banc) (quoting *Crane v. Indiana High Sch. Athletic Ass'n*, 975 F.2d 1315, 1318 (7th Cir. 1992)). "A case is moot when

the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Gottfried v. Med. Planning Servs., Inc.*, 280 F.3d 684, 691 (6th Cir. 2002) (emphasis omitted). "[F]ederal courts are without power to decide questions that cannot affect the rights of litigants in the case before them." *N. Carolina v. Rice*, 404 U.S. 244, 246 (1971) (per curiam). At argument, THC's counsel conceded that whether we affirm or reverse the district court, the adversary proceeding is over because the bankruptcy court lacks subject-matter jurisdiction. The fact that the identical outcome will be reached regardless of our ruling speaks volumes about the absence of an actual controversy in these appeals.

Spradlin and THC's insistence that the district court had, and this court has, jurisdiction to review the bankruptcy court's decision on PEG's motion to extend time and THC's motion to dismiss is based on a fundamentally flawed understanding of jurisdiction. At oral argument, THC's counsel repeatedly argued that the bankruptcy court had jurisdiction over PEG's cross-claims until the district court later concluded that the bankruptcy court lacked jurisdiction over the cross-claims.[6] That is not how jurisdiction works. As soon as the 2009 Settlement

---

[6]The following exchange occurred during the reply of Michael Joseph Gartland, counsel for THC:

| | |
|---|---|
| Judge Moore: | And how about if, I'm just talking as possibilities, what if we said the bankruptcy court held and the district court held that there was no subject-matter jurisdiction and therefore, any subsequent orders are beyond the power of the district court except for the sanctions matter? |
| Gartland: | I would disagree with that. |
| Judge Moore: | So you . . . |
| Gartland: | I think . . . when [the bankruptcy court] dismissed the cross-claims it was interlocutory, it became a final order. *There was jurisdiction until the court later said there was not*, but at the |

Agreement was approved, the bankruptcy estate lost any interest in the outcome of the Adversary

Proceeding and the bankruptcy court lost subject-matter jurisdiction over THC's claims and

PEG's cross-claims. The bankruptcy court's erroneous belief that it had jurisdiction over the

merits of PEG's cross-claims and therefore the issues that arose in the appeal from the dismissal

of the cross-claims does not confer jurisdiction on the bankruptcy court until the error was

corrected by the district court.

PEG's cross-claims having "lost [their] character as a present, live controversy of the

kind that must exist if we are to avoid advisory opinions on abstract propositions of law," *Hall v.*

*Beals*, 396 U.S. 45, 48 (1969) (per curiam), we conclude that the district court lacked jurisdiction

to rule on the bankruptcy court's denial of PEG's motion to extend time and THC's motion to

dismiss PEG's cross-appeal, and that we also lack jurisdiction over those moot issues.[7] When a

---

> time of the events in question, when they blew the deadline to file the record designation, that was a live issue. And it's still a live issue, the district court's order is now a final order, that's why we appealed.

Oral Arg. at 33:30–34:26.

> Later:
> Judge Merritt: So you're still claiming the court has got jurisdiction, even though you didn't appeal that?
> Gartland: *It had it at the time it entered the order*, and nothing has changed from that.

Oral Arg. at 35:33–35:43.

[7]The bankruptcy court's denial of PEG's motion to extend time to file its Rule 8006 materials did not affect the district court's appellate jurisdiction over the adversary proceeding. "An appellant's failure to take any step other than timely filing a notice of appeal does not affect the validity of the appeal, but is ground only for such action as the district court or bankruptcy appellate panel deems appropriate, which may include dismissal of the appeal." Fed. R. Bankr. P. 8001(a).

lower court rules on the merits of a claim over which it is later determined to lack jurisdiction, the proper remedy is to vacate the lower court's decision. *See Freeland v. Liberty Mut. Fire Ins. Co.*, 632 F.3d 250, 255 (6th Cir. 2011); *Palkow v. CSX Transp., Inc.*, 431 F.3d 543, 556 (6th Cir. 2005). Accordingly, we vacate the district court's decision on Spradlin and THC's motion to dismiss and the bankruptcy court's denial of PEG's motion to extend time.

## C. Award of Sanctions

Unlike the bankruptcy court's denial of PEG's motion to extend time and Spradlin and THC's motion to dismiss PEG's cross-appeal, we conclude that the bankruptcy court had jurisdiction to award sanctions against PEG, and that the district court had, and we have, jurisdiction to review the sanctions award. The district court concluded that the bankruptcy court had jurisdiction and affirmed the award. We agree, and affirm the district court's affirmance of the award of sanctions.

PEG argues that the bankruptcy court lacked jurisdiction to award sanctions against them for bad faith and lack of preparedness in the mediation. Their argument rests on the timing of various motions and rulings by the bankruptcy court. PEG moved to dismiss Spradlin and THC's second amended complaint for lack of jurisdiction; the entities attempted to mediate the dispute; Spradlin and THC moved for sanctions against PEG, Banner, and Richard for conduct during mediation; the bankruptcy court granted PEG's motion to dismiss for lack of subject-matter jurisdiction; and then the bankruptcy court awarded sanctions under Federal Rule of Civil

Procedure 16(f).[8] R. 649 at 6–8. PEG argues that the bankruptcy court lost jurisdiction to award sanctions when it concluded that it lacked jurisdiction over Spradlin and THC's second amended complaint.

The federal courts maintain jurisdiction over certain collateral issues even after the underlying action is dismissed for lack of jurisdiction. "Just because a federal court is later found to lack subject matter jurisdiction in a particular matter does not give litigants a free pass with respect to any and all prior indiscretions they may have committed before the court." *River City Capital, L.P. v. Bd. of County Comm'rs, Clermont Cnty., Ohio*, 491 F.3d 301, 310 (6th Cir. 2007). A court may award attorney fees, contempt sanctions, and Rule 11 sanctions after the action has been terminated because those issues all "require[] the determination of a collateral issue: whether the attorney has abused the judicial process, and if so, what sanction would be appropriate." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990). The ability to issue sanctions "empower[s] the court to command obedience to the judiciary and to deter and punish those who abuse the judicial process. Thus, a court's jurisdiction to issue sanctions under 28 U.S.C. § 1927 or pursuant to a court's inherent authority is ever present." *Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater*, 465 F.3d 642, 645 (6th Cir. 2006). Like costs, attorney fees, and Rule 11 sanctions, Rule 16 sanctions are a wholly collateral issue that does not bear on

---

[8]Federal Rule of Civil Procedure 16(f) allows the court to order sanctions "if a party or its attorney: (A) fails to appear at a scheduling or other pretrial conference; (B) is substantially unprepared to participate—or does not participate in good faith—in the conference; or (C) fails to obey a scheduling or other pretrial order." Federal Rule of Bankruptcy Procedure 7016 provides that "Rule 16 F.R. Civ. P. applies in adversary proceedings."

the merits of the claims. Therefore, the bankruptcy court retained jurisdiction to award sanctions even after dismissing the complaint for lack of subject-matter jurisdiction.

The award of sanctions by the bankruptcy court is a collateral order that the district court had, and we have, jurisdiction to review. The federal district court has jurisdiction to hear appeals from the bankruptcy court "from final judgments, orders, and decrees" and certain interlocutory orders and decrees. 28 U.S.C. § 158(a)(1), (2). Of those appeals from the bankruptcy court, we "shall have jurisdiction of appeals from all final decisions, judgments, orders, and decrees" by the district court. 28 U.S.C. § 158(d)(1). Finality under § 158(d)(1) "largely mirror[s] our understanding of finality under [28 U.S.C.] § 1291." *Lindsey v. Pinnacle Nat'l Bank (In re Lindsey)*, 726 F.3d 857, 859 (6th Cir. 2013). "A final decision does not normally occur until there has been a decision by the district court that ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Armisted v. State Farm Mut. Auto. Ins. Co.*, 675 F.3d 989, 993 (6th Cir. 2012) (internal quotation marks omitted). Where a court has ordered sanctions but "has not determined or imposed its sanction . . . its decision to sanction [the party] is not yet a final order subject to appellate review under § 1291." *Id.* Here, though, the bankruptcy court not only has declared its intention to sanction PEG, Banner, and Richard, but also has determined the amount of sanctions and has imposed the sanctions order. Therefore, this is a final decision that the district court had, and we have, jurisdiction to review.

We review an award of sanctions under Rule 16(f) for an abuse of discretion. *Clarksville-Montgomery Cnty. Sch. Sys. v. U.S. Gypsum Co.*, 925 F.2d 993, 998 (6th Cir. 1991). We conclude that the bankruptcy court's award of sanctions was not an abuse of discretion. The bankruptcy court awarded sanctions because "the Pikeville Defendants, and in particular Richard, were unprepared and failed to participate in good faith in the mediation process as required by the Mediation Order and Rule 16." A.P. 649 (Sanctions Order at 7). The ruling was based largely on the conclusions of the mediator in his report. A.P. 549 (Mediator's Report at 1–4). Richard represented himself and purportedly represented PEG and Banner in the mediation. A.P. 649 (Sanctions Order at 3). The bankruptcy court noted the fact that Richard arrived to the mediation approximately three hours late due to flight delays; tardiness was not, alone, a basis for sanctions but "arriving late was only one of Richard's actions that caused the mediation to fall apart." A.P. 649 (Sanctions Order at 5). First, the bankruptcy court concluded that Richard was unprepared for the mediation because counsel informed the mediator that they needed to start the August 10, 2011, mediation late so they could have time to confer. *Id.* Second, the bankruptcy court noted that Richard did not have full settlement authority as required by the order to mediate, demonstrated by his need to make phone calls regarding THC's offer before proceeding with the mediation. *Id.* Third, the bankruptcy court determined that Richard's conduct was "not conducive to a successful mediation," noting Richard's insistence on meeting with Halle alone, even though Fleischman (attorney for THC) had full settlement authority, and Richard's decision to email a draft complaint of state law claims the day before the June 23,

2011 mediation meeting. *Id.* at 5–6. Finally, the bankruptcy court noted that the day after the failed August 10, 2011 mediation, PEG, Banner, and Richard filed suit in state court, even though the agreed-upon deadline to reach a settlement in mediation was over a month away and the mediator had not yet formally ended the mediation process. *Id.* at 6.

PEG, Banner, and Richard argue that the bankruptcy court's determinations that they were unprepared for the mediation and failed to participate in good faith were clearly erroneous. PEG Br. at 31–39. They do not dispute the facts in the bankruptcy court's order, but disagree with the characterization of their conduct. For example, they argue that any appearance of unpreparedness resulted from Richard's flight delays, a fact that was not in Richard's control. *Id.* at 33. However, they do not dispute the fact that even prior to learning of the delays, counsel asked to begin the mediation late so he could confer with Richard. Additionally, they argue that they sent the draft complaint before the June 23, 2011 mediation not to sabotage the session but simply to inform THC of claims that were not a part of the mediation. Regardless of their intent, the mediator determined that the effect of this action was disruptive to the goals of the mediation, a conclusion that PEG, Banner, and Richard do not dispute. And importantly, PEG, Banner, and Richard do not dispute the fact that they filed a complaint in state court well before the date to conclude mediation and before the mediator officially ended the mediation.

"An abuse of discretion is defined as a definite and firm conviction that the trial court committed a clear error of judgment." *Trepel v. Roadway Express, Inc.*, 194 F.3d 708, 716 (6th Cir. 1999). Because PEG, Banner, and Richard have not shown that the bankruptcy court relied

16

on clearly erroneous facts, and because the undisputed facts provide a sufficient basis for the award of sanctions, we are not left with a "definite and firm conviction" that the bankruptcy court erred by awarding sanctions. Therefore, we affirm the award of sanctions.

### III.  CONCLUSION

For the foregoing reasons, we **AFFIRM** the district court's affirmance of the bankruptcy court's award of sanctions; **VACATE** the district court's reversal of the bankruptcy court's motion to extend time and denial of THC's motion to dismiss PEG's cross-appeal; and **REMAND** for such further proceedings consistent with this opinion as are necessary.