NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 14a0632n.06

No. 13-4084

FILED

Aug 14, 2014

DEBORAH S. HUNT, Clerk

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

KAREN RUSSELL,                          )
                                        ) ON APPEAL FROM THE
        Plaintiff-Appellant,            ) UNITED STATES DISTRICT
                                        ) COURT FOR THE SOUTHERN
v.                                      ) DISTRICT OF OHIO
                                        )
CATHOLIC HEALTHCARE                     )               O P I N I O N
PARTNERS EMPLOYEE LONG TERM             )
DISABILITY PLAN; UNUM LIFE              )
INSURANCE COMPANY OF
AMERICA,

        Defendants-Appellees.


**BEFORE:  MOORE and KETHLEDGE, Circuit Judges; and TARNOW,
District Judge.**[*]

**ARTHUR J. TARNOW, District Judge**. Plaintiff-Appellant appeals the

dismissal of her claim for long-term disability ("LTD") benefits under her employee

compensation package. Plaintiff had worked as a registered nurse for about thirty

years when she applied for disability benefits in 2007. Defendant-Appellee Unum

granted Plaintiff twenty-four months of LTD benefits starting in 2007, then denied her

---

[*] The Honorable Arthur J. Tarnow, United States Senior District Judge for the Eastern District
of Michigan, sitting by designation.

any further benefits in 2009. The district court upheld the administrative determination of Plaintiff's claim, finding, *inter alia*, that Plaintiff's case was contractually time-barred. Because we also find that Plaintiff's claims are contractually limited, we **AFFIRM** the judgment of the district court.

Jurisdiction is not forfeitable or waivable, therefore, we must first address Plaintiff's jurisdictional arguments. *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013). On appeal, we hold that we have subject-matter jurisdiction to hear this case. Next, we hold that Plaintiff's claims are contractually time-barred. We decline to address Plaintiff's substantive claim that Defendants' denial of her LTD benefits was arbitrary and capricious.

On May 12, 2007, Plaintiff became unable to perform her occupational duties due to bilateral knee osteoarthritis, right ankle post-traumatic osteoarthritis, anxiety, and depression. Plaintiff remained disabled until November 12, 2007, satisfying Unum's six-month elimination period and becoming eligible to receive disability benefits. In a letter dated November 15, 2007, Unum informed Plaintiff that they had approved her claim for disability benefits. Unum informed Plaintiff that they found her eligible for twelve months of benefits at that time because she was "limited from performing the material and substantial duties of *[her] regular occupation* due to [her]

sickness or injury." App. Rec. at 51 (emphasis supplied). In that same November 2007 letter, Unum informed Plaintiff "[a]fter 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of *any gainful occupation* for which you are reasonably fitted by education, training or experience." *Id.* (emphasis supplied). The November 2007 letter also informed Plaintiff of Unum's contractually reserved right to request proof of continuing disability. In the fall of 2008, Unum approved Plaintiff's eligibility for disability benefits for an additional twelve months. Throughout the twenty-four month period, Unum sent Plaintiff several written requests for proof of continuing disability.

In the fall of 2009, Unum decided not to continue Plaintiff's LTD benefits, finding that Plaintiff's medical records indicated that she could work as a Triage Nurse or Nurse Case Manager. Plaintiff exhausted Unum's internal administrative appeal process on July 20, 2010, when Unum issued its final decision denying Plaintiff's LTD benefits.

On March 30, 2011, Plaintiff filed this action seeking a reversal of the plan administrator's decision denying her benefits. The parties filed dueling motions in the district court—Plaintiff filed a Motion for Judgment Reversing Administrator's

Decision and Defendant filed a Motion to Uphold the Administrative Decision. Each party responded and replied to both motions. The district court decided both motions in a single Order, denying Plaintiff's motion and granting Defendants' motion. R. at [39]. Plaintiff now appeals.

On appeal, Plaintiff disputes whether United States Courts have jurisdiction over this case because the plan may not be an ERISA plan. Defendants argue that whether the plan is an ERISA plan is a substantive element of Plaintiff's ERISA claim, not a jurisdictional issue. Defendants argue that Plaintiff forfeited the substantive element by filing this action and prosecuting it to judgment. Questions about subject-matter jurisdiction present legal issues, which this Court reviews de novo. *Musson Theatrical, Inc. v. Federal Express Corp.*, 89 F.3d 1244, 1248 (6th Cir. 1996).

In *Daft v. Advest, Inc.*, 658 F.3d 583 (6th Cir. 2011), the Sixth Circuit analyzed whether the presence of an ERISA plan is jurisdictional under the rubric in *Arbaugh v. Y&H Corp.*, 546 U.S. 500 (2006). We held that "the existence of an ERISA plan is a nonjurisdictional element of Plaintiffs' ERISA claim." *Advest*, 658 F.3d at 587. "[T]he existence of an ERISA plan must be considered an element of plaintiff's claim under [29 U.S.C. § 1132](a)(1)(B), not a prerequisite for federal jurisdiction." *Id.* at

590–91. There is no basis to find that the plan here is different from the plan in *Advest*, and thus we consider the existence of an ERISA plan to be a substantive element of the claim rather than jurisdictional in this case.

Plaintiff argues the underlying plan might be a "church plan" that is not an ERISA plan. "[W]hen Congress does not rank a statutory limitation on coverage as jurisdictional, courts should treat the restriction as nonjurisdictional in character.'" *Id.* at 590 (quoting *Arbaugh*, 546 U.S. at 515–16). ERISA's jurisdictional provision does not predicate jurisdiction upon whether a plan meets the definition of a "church plan." 29 U.S.C. § 1132(e)(1). Both the provision defining what qualifies as a "church plan"—29 U.S.C. § 1002(33)—and the provision stating whether such a plan is covered by ERISA—29 U.S.C. § 1003(b)(2)—are separate from ERISA's jurisdictional provision.

In *Advest*, this Court reasoned that fairness also weighed against treating the existence of a plan as jurisdictional because the party arguing against jurisdiction on appeal was the party that originally invoked federal jurisdiction. *Id.* at 593. The interests of fairness also compel a nonjurisdictional conclusion here. It was Plaintiff who invoked federal jurisdiction in the first place and then, over two years into the litigation, after Defendants prevailed in trial court, raised the issue of jurisdiction.

Whether Defendants' plan is an ERISA plan is a substantive element that Plaintiff forfeited, not a jurisdictional prerequisite.

Plaintiff next asserts two arguments supporting her position that her claims are not contractually time-barred. First, Plaintiff asserts that each of Unum's written requests for proof of continuing disability reset the three-year contractual limitations period. Second, Plaintiff argues that the different standard of disability Unum employed after twenty-four months reset the contractual limitations period. For the reasons that follow, neither of those arguments is persuasive.

The parties and district court do not specify on what standard the district court dismissed Plaintiff's case as contractually time-barred. The district court considered the administrative record in its decision to dismiss Plaintiff's claims. We conclude, therefore, that the district court's dismissal on limitations grounds was the functional equivalent of a Rule 56 ruling because the district court considered material extrinsic to the pleadings. *See Engleson v. Unum Life Ins. Co. of America* 723 F.3d 611, 616 (6th Cir. 2013) (converting a nominally Rule 12(b)(6) ruling into a functionally Rule 56 motion for appellate purposes where the district court considered matters outside the pleadings).

We review de novo a district court's grant of summary judgment in an ERISA disability benefits action based on an administrative record. *Glenn v. MetLife*, 461 F.3d 660, 665 (6th Cir. 2006). "We also review de novo a district court's determination that a complaint was filed outside of the statute of limitations." *Rice v. Jefferson Pilot Fin. Ins. Co.*, 578 F.3d 450, 453–54 (6th Cir.2009) (internal citation and punctuation omitted) (reviewing the application of an ERISA contractual limitation term).

ERISA does not contain a statute of limitations for claims challenging a denial of benefits. *Rice*, 578 F.3d at 454. The Defendants' plan, however, sets a contractual limitations period during which participants may seek judicial review of an adverse benefits determination. The relevant terms state:

> [Y]ou must send Unum written proof of your claim no later than 90 days after your elimination period. If it is not possible to give proof within 90 days, it must be given no later than 1 year after the time proof is otherwise required. . . .
>
> You can start legal action regarding your claim 60 days after proof of claim has been given and up to 3 years from the time proof of claim is required, unless otherwise provided under federal law.
>
> Once you are deemed to have exhausted your appeal rights under the Plan, you have the right to seek court review under Section 502(a) of ERISA of any benefit determinations with which you disagree.

App. Rec. at 181, 22, 47. Contractual limitations on ERISA actions are enforceable if they are reasonable. *Med. Mut. of Ohio v. K. Amalia Enters., Inc.*, 548 F.3d 383, 390–91 (6th Cir. 2008). This Circuit has previously approved three-year limitations periods in ERISA plans as reasonable. *See Rice*, 578 F.3d at 456; *Med. Mut. of Ohio*, 548 F.3d at 391; *Morrison v. Marsh & McLennan Companies, Inc.*, 439 F.3d 295, 301–02 (6th Cir. 2006).

The Supreme Court recently held "a participant and a plan may agree by contract to a particular limitations period, even one that starts to run before the cause of action accrues, as long as the period is reasonable." *Heimeshoff v. Hartford Life & Accident Ins. Co.*, 134 S. Ct. 604, 610 (2013). In *Heimeshoff*, an ERISA plan and a participant "agreed by contract to a 3-year limitations period. The contract specifie[d] that this period begins to run at the time proof of loss is due." *Id*. The facts of *Heimeshoff* are materially the same as the facts here, therefore, *Heimeshoff* controls this case.

Plaintiff's disability began on May 12, 2007. Plaintiff satisfied the Policy's six-month elimination period by remaining continuously disabled until November 12, 2007. Unum requires proof of disability no later than ninety days after the six-month elimination period. According to the contract then, Defendants required proof of

claim by February 8, 2008 and the contractual limitations period to bring legal action expired three years later, on February 8, 2011. Plaintiff filed this action on March 30, 2011, missing the deadline by fifty days. Defendants' internal appellate review of Plaintiff's claim concluded on July 20, 2010, leaving Plaintiff over six months to file a legal action before the February 8, 2011 contractual limitations deadline.

Plaintiff argues that because Defendant used a different standard of disability in denying her benefits after twenty-four months she is entitled to the one-year extension where "it is not possible to give proof within 90 days." This argument, however, is unpersuasive. Plaintiff simply mischaracterizes the meaning of the one-year extension allowance. The option in the contract for a one-year extension relates to the impossibility of showing proof of claim at the time a claimant initially claims disability, not at a subsequent time when Unum requires proof of continuing disability. Further, Defendant did not suddenly or without warning use a different standard for disability in 2009 after approving twenty-four months of benefits. In the letter Plaintiff received on November 15, 2007, granting her first installment of benefits, Unum states, "[a]fter 24 months of payments, you are disabled when Unum determines that due to the same sickness or injury, you are unable to perform the duties of any gainful occupation for which you are reasonably fitted by education,

training or experience." Plaintiff was on notice in November of 2007 that she would have to satisfy the any-gainful-occupation standard to receive benefits in the fall of 2009. The plan's use of the "any gainful occupation" standard did not reset the contractual limitations period.

Plaintiff also argues that each of Unum's written requests for proof of continuing disability reset the three-year contractual limitations period. This argument mischaracterizes Defendants' requests for proof of continuing disability as requests for proof of new claims. Defendants' initial November 2007 letter granting Plaintiff benefits informed Plaintiff of Unum's contractually reserved right to request proof of continuing disability. Each new request for proof of continuing disability pertained to a single continuous claim of disability, not new individual claims of disability. Unum's written requests for proof of continuing disability did not reset the three-year contractual limitations period.

Accordingly, we **AFFIRM** the judgment of the district court dismissing the case on the grounds that it is contractually time-barred.