RECOMMENDED FOR PUBLICATION
Pursuant to Sixth Circuit I.O.P. 32.1(b)
File Name: 25a0328p.06

# UNITED STATES COURT OF APPEALS

## FOR THE SIXTH CIRCUIT

─────────────────

IN RE: LEN SALAS,

*Debtor*.

─────────────────────────────────────────────

NICOLAAS BREKELMANS and GAIL GREGORY BREKELMANS, Co-Personal Representatives of the Estate of Nina Brekelmans; MICHAEL MCLOUGHLIN, JR. and MARTHA JOHNSON, Co-Personal Representatives of the Estate of Michael Patrick McLoughlin,

*Plaintiffs-Appellants*,

*v.*

MAX SALAS,

*Defendant-Appellee*.

No. 24-5998

─────────────────

Appeal from the United States District Court for the Middle District of Tennessee at Nashville;
No. 3:23-cv-00987—Aleta Arthur Trauger, District Judge.

─────────────────

United State Bankruptcy Court for the Middle District of Tennessee at Nashville;
Nos. 3:18-bk-02662; 3:20-ap-90027—Nancy B. King, Bankruptcy Judge.

Argued: October 22, 2025

Decided and Filed: December 3, 2025

Before: COLE, KETHLEDGE, and NALBANDIAN, Circuit Judges.

─────────────────

## COUNSEL

**ARGUED:** Philip J. McNutt, LAW OFFICE OF PHILIP J. MCNUTT, PLLC, Reston, Virginia, for Appellants. Phillip G. Young, Jr., THOMPSON BURTON PLLC, Franklin, Tennessee, for Appellee. **ON BRIEF:** Philip J. McNutt, LAW OFFICE OF PHILIP J. MCNUTT, PLLC, Reston, Virginia, Taylor A. Cates, BURCH, PORTER & JOHNSON, PLLC, Memphis,

Tennessee, for Appellants.  Phillip G. Young, Jr., THOMPSON BURTON PLLC, Franklin, Tennessee, for Appellee.

––––––––––––––––

**OPINION**

––––––––––––––––

COLE, Circuit Judge.  After the bankruptcy court denied plaintiffs' motion for summary judgment and granted partial summary judgment to Max Salas, plaintiffs obtained leave to pursue an interlocutory appeal in the district court.  The district court affirmed and remanded the matter to the bankruptcy court for further proceedings.  It did not certify the issue for appeal or the order as final.  For their part, plaintiffs did not seek certification to this court.  Because we lack jurisdiction, we must dismiss the appeal.

I.

In 2015, a property fire in Washington, D.C. tragically killed two tenants.  The tenants' parents (plaintiffs) sued both the record owner, Len Salas, and his father and the property manager, Max Salas, for wrongful death in D.C. trial court.  A jury awarded plaintiffs multimillion-dollar verdicts, holding Len and Max jointly and severally liable.  Max and Len thereafter filed for bankruptcy in the Bankruptcy Court for the District of Columbia and the Bankruptcy Court for the Middle District of Tennessee respectively.

In Max's bankruptcy proceeding, the D.C. Bankruptcy Court concluded that Max was entitled to the unlimited homestead exemption over the property, finding he possessed both the legal and beneficial interests in the property.  This prompted the trustee in Len's bankruptcy case to sell his estate's interest in the trustee's avoidance and recovery rights as they relate to the property under 11 U.S.C. §§ 544 through 553.  Those provisions of the Bankruptcy Code allow a trustee to unwind certain prepetition property transfers and recover the transferred property for the benefit of the bankruptcy estate.  At auction, plaintiffs purchased the estate's interest in the avoidance and recovery actions.

Under Federal Rule of Bankruptcy Procedure 7001(a), an avoidance action must be brought as an adversary proceeding commenced by filing a complaint.  To commence their

avoidance action, plaintiffs thus filed a complaint against Max, seeking to avoid transfers and recover property. Eventually, plaintiffs sought summary judgment. Max countered with his own cross-motion for summary judgment. The bankruptcy court denied plaintiffs' motion for summary judgment on all counts and granted Max's motion for summary judgment as to only the fraudulent conveyance claims.

Plaintiffs moved the district court for leave to pursue an interlocutory appeal, and the district court, finding all three 28 U.S.C. § 1292(b) requirements were met, granted their request. After considering the merits, the district court affirmed the bankruptcy court's judgment and remanded the matter to the bankruptcy court for further proceedings. The district court did not certify the issue for appeal or designate the order as final. Plaintiffs timely appealed, but the parties did not seek to certify the appeal before this court.

II.

We must first consider our jurisdiction. Although neither party has questioned our jurisdiction over this appeal, we have a duty to assure ourselves of our jurisdiction in every case and "may raise the issue sua sponte." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*, 556 F.3d 459, 465 (6th Cir. 2009). There are different paths that establish jurisdiction depending on whether the order being appealed is final or interlocutory, but neither path leads to jurisdiction here.

A.

Courts of appeals have jurisdiction to hear appeals from final judgments. In the bankruptcy context, both 28 U.S.C. § 1291 and 28 U.S.C. § 158(d)(1) provide courts of appeals with jurisdiction over certain final decisions. Neither statute provides us with jurisdiction over this appeal.

Section 1291 grants jurisdiction for appeals from all "final decisions of the district courts acting in any capacity." *Connecticut Nat. Bank v. Germain*, 503 U.S. 249, 253 (1992) (citation modified). A final decision "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Page Plus of Atlanta, Inc. v. Owl Wireless, LLC*, 733 F.3d 658,

659 (6th Cir. 2013) (quoting *Catlin v. United States*, 324 U.S. 229, 233 (1945)). Hence, "[a] 'final decision' within the meaning of § 1291 is normally limited to an order that resolves the entire case." *Ritzen Grp., Inc. v. Jackson Masonry, LLC*, 589 U.S. 35, 38 (2020).

Plaintiffs assert that this court has jurisdiction over this appeal under § 1291. We disagree. The district court's order did not end the litigation on the merits or resolve the entire case. After affirming the bankruptcy court's partial grant and partial denial of summary judgment, the district court remanded the case to the bankruptcy court for further proceedings. Several claims remain, and the bankruptcy court must resolve these claims on their merits. The order, therefore, is not final within the meaning of § 1291.

Alternatively, § 158(d)(1) confers courts of appeals with jurisdiction over appeals from "all final decisions, judgments, orders, and decrees" entered by district courts and bankruptcy appellate panels acting as bankruptcy appellate courts under §§ 158(a) and (b) respectively. Responding to the distinctive nature of bankruptcy proceedings, Congress adopted this relaxed finality rule in bankruptcy cases to make "orders in bankruptcy cases immediately appealable if they finally dispose of discrete disputes within the larger bankruptcy case." *Ritzen Grp.*, 589 U.S. at 39 (citation modified). This "rule derives from the understanding that bankruptcy cases are aggregations of individual disputes, many of which could be entire cases on their own." *In re Wohleber*, 833 F. App'x 634, 638 (6th Cir. 2020) (citation modified).

Thus, "orders finally resolving discrete disputes in a bankruptcy case—such as adversary proceedings—may qualify as immediately appealable final orders even though the overall bankruptcy case is ongoing." *Id.* The district court's order is no such order as it did not conclusively resolve plaintiffs' adversary proceeding. Rather, it affirmed the bankruptcy court's partial grant and partial denial of summary judgment and remanded the case to the bankruptcy court for further proceedings.

Further, for the purposes of § 158(d)(1), a district court order remanding a case to a bankruptcy court is not a final order unless the remand is one "of a ministerial character." *Settembre v. Fid. & Guar. Life Ins. Co.*, 552 F.3d 438, 442 (6th Cir. 2009). Where, as here, a

case may proceed to trial on the remaining claims, there are more than ministerial proceedings remaining.

The order therefore is not final under § 1291 or § 158(d)(1).

**B.**

Courts of appeals also have jurisdiction over appeals from interlocutory orders that are certified and accepted pursuant to 28 U.S.C. § 1292, 28 U.S.C. § 158(d)(2), or Federal Rule of Civil Procedure 54(b). None of these provisions, however, confer jurisdiction over this appeal.

Section 1292 permits courts of appeals to hear appeals from "[i]nterlocutory orders of the district courts" in certain cases. Under this provision, a district court may certify for immediate appeal an interlocutory order that "involves a controlling question of law as to which there is substantial ground for difference of opinion" when "an immediate appeal from the order may materially advance the ultimate termination of the litigation[.]" 28 U.S.C. § 1292(b). In a bankruptcy proceeding, a party who appeals an order to a district court and loses can seek certification to a court of appeals under this statute. Once such a certification occurs, a party has ten days after the entry of the order to apply for an appeal, and then, the court of appeals has discretion to accept the certification and appeal. *See id.*

Alternatively, § 158(d)(2) provides another mechanism for interlocutory appeals in the bankruptcy context. This provision permits certification when any of these factors are present: (1) the order "involves a question of law as to which there is no controlling decision . . . or involves a matter of public importance"; (2) the order "involves a question of law requiring resolution of conflicting decisions"; or (3) an immediate appeal "may materially advance" the case. *Id.* at § 158(d)(2)(A). Under this statute, a bankruptcy court, a district court, or the parties acting jointly may certify a bankruptcy court's order to a court of appeals, which then has discretion to hear the matter. *Id.* at § 158(d)(2)(A); *In re Lindsey*, 726 F.3d 857, 858 (6th Cir. 2013); *see Bullard v. Blue Hills Bank*, 575 U.S. 496, 508 (2015).

Finally, Rule 54(b) permits district courts to direct the entry of a final judgment as to one or more claims in a multiclaim case. Under this rule, a district court may "certify as 'final' for

§ 158(d)(1) and § 1291 purposes the resolution of a claim or the entry of judgment for or against a party." *In re Lindsey*, 726 F.3d at 860.  Rule 54(b) certification is a two-step process.  First, the district court must "expressly determine[] that there is no just reason for delay."  Fed. R. Civ. P. 54(b).  Second, the district court must expressly "direct entry of a final judgment as to one or more, but fewer than all, claims or parties" in a case.  *Id.*

Although these provisions allow a party to appeal certain interlocutory orders, they all require certification.  Here, plaintiffs moved the district court for leave to pursue an interlocutory appeal under § 1292(b) in the district court, and the district court granted that motion.  But after the district court affirmed the bankruptcy court's order and remanded the case to the bankruptcy court for further proceedings, plaintiffs did not seek certification to appeal to this court.  For its part, the district court did not certify the appeal, nor did it enter a final judgment under Rule 54.  Accordingly, there was neither any request for nor grant of certification under § 1292(b), § 158(d)(2), or Rule 54(b).

We therefore lack discretion to accept the appeal.

III.

For these reasons, we dismiss the appeal for lack of jurisdiction.